Eckels *v.* Klieger, Appellant.

Argued April 15, 1965.  Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

528

*Giles J. Gaca,* with him *Pringle, Bredin, Thomson, Rhodes & Grigsby,* for appellant.

*Robert N. Peirce, Jr.,* with him *Hess, Hess & Bagley,* for appellees.

OPINION BY JACOBS, J., June 17, 1965:

Plaintiffs, husband and wife, sued in trespass to recover damages incurred as a result of a rear-end collision involving three motor vehicles. A jury returned a verdict against defendant, Klieger, alone, in favor of both plaintiffs. Klieger has appealed from the judgment entered on the verdict by the lower court after denying his motions for judgment n.o.v. and for a new trial.

The wife plaintiff was driving her husband's station wagon on Fifth Avenue in Pittsburgh around noon on December 30, 1959, in the curb lane of the four lane street. Road conditions were dry. After she passed a traffic light by the Cathedral of Learning, she either slowed down or came to a stop because a car nine or ten car lengths ahead of her had stopped. At this point her automobile was struck in the rear. Klieger, who had made a right turn on to Fifth Avenue about 50 yards from the accident location, was driving the car

that struck plaintiff's car from the rear. Defendant Oates was driving a car that hit Klieger's car from the rear. The main dispute at trial was whether Klieger hit plaintiff's station wagon before Oates hit Klieger or whether Oates' bump pushed Klieger into the rear of the station wagon. This issue was clearly one for the jury's determination. Their verdict indicates they believed Oates' version rather than Klieger's.

Appellant Klieger's arguments before this court are: (1) as a matter of law there was no evidence from which the jury could find him negligent and he is entitled to judgment n.o.v., (2) there was fundamental error in the charge entitling him to a new trial, and (3) in any event, the amount of the verdicts should be reduced by $1,500, the amount of a settlement agreed to by plaintiffs and Oates in chambers prior to the jury charge. We will treat these arguments in the order listed.

In *Meek v. Allen*, 162 Pa. Superior Ct. 495, this court, faced with a very similar factual situation, stated:

" 'Where two persons are driving vehicles in the same direction on a city street, it is the duty of the driver of the rear one to be vigilant, and ordinarily to have his car under such control as to be able to prevent a rear-end collision (even) in the event the front vehicle suddenly stops; (cases cited).' Since the automobile which caused the damage was driven by the defendant and was exclusively under his management and control, it was a fair inference for the jury that he failed to observe the degree of care required of him by law and that he therefore was chargeable with negligence which resulted in injury to the plaintiff. The question of defendant's negligence was a fact for the jury to be determined from all the evidence in the case (citation) and the evidence adequately supports the verdict."

At trial, appellant's sole defense was that his car was "pushed" eight or nine feet into plaintiff's car by Oates' car. He did not dispute the fact that he struck plaintiff from the rear, nor did he claim that plaintiff made a sudden stop. It was for the jury to say whether he had his car under such control and was exercising such vigilance as the circumstances demanded. His defense having been rejected, the evidence clearly supports his violation of the rules of due care.

Appellant, in his second contention, now complains that there was error in the charge. The error he alleges was the statement of the trial judge to the effect that both defendants conceded that plaintiffs were entitled to a verdict. The exact wording of the portion of the charge of which he complains is as follows: "It has been conceded here by attorneys for both Mr. Klieger and Mr. Oates that there could be no contributory, what is called contributory negligence on the part of the plaintiff. They both concede that she is entitled to a verdict at your hands."

Appellant has waived his opportunity to object to this statement. At the trial, after the charge was completed he was asked if he had any additions or corrections and he remained silent. The judge then gave a general exception. Here the court's statement was basically a statement of fact, namely, that the attorneys for both defendants apparently in their closing remarks to the jury conceded that the plaintiff was entitled to a verdict. If the appellant's attorney did not so concede he certainly would have objected at the trial and the harm could have been easily corrected by the trial judge then and there. At the time of oral argument before the lower court en banc he did not raise this objection, further indicating that he was then satisfied that the trial judge had correctly stated his position in the charge. Having twice indicated his acquiescence, his objection now has the appearance of an

afterthought. On factual matters the court cannot be held to strict accountability and unless errors of fact are specifically excepted to they cannot be raised on appeal. *Lieberman v. Colahan,* 267 Pa. 102; *Gallup v. Pittsburgh Railways Co.,* 295 Pa. 203. Also see the Act of May 11, 1911, P. L. 279, 12 P.S. 1197, wherein it is provided that a general exception to the charge shall not operate as an exception to any matter of fact inadvertently misstated by the court unless the court's attention is called to the alleged misstatement prior to taking the general exception.

Appellant's third argument is that if the verdict stands he is entitled to a $1500.00 reduction because defendant Oates settled with plaintiffs for this amount. The settlement was made in chambers prior to the court's charge and was later confirmed by a release given by plaintiffs to Oates in accordance with the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 P.S. 2082-2089.

The provisions of that Act requiring reduction of a plaintiff's recovery against a joint tortfeasor by the amount of a settlement with another joint tortfeasor do not help the appellant here. That Act applies only to joint tortfeasors and defines the term "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury. . . ." In this case the jury exonerated Oates of negligence and liability. He cannot be a joint tortfeasor if he has not committed the tort.

Appellant relies on *Brown v. Pittsburgh,* 409 Pa. 357, for the proposition that plaintiffs can have but one recovery for their injuries. However, as is pointed out in *Brown,* in order to bar further remedy such recovery must be from one of the wrongdoers. In that case the court directed that credit be given for the sum paid for the release if it should be established that the person released was negligent and a wrongdoer. As

we have pointed out above the jury in this case exonerated Oates.

It has long been a principle of our law that "a release of one who is not legally liable for an injury to another does not operate to release the culpable tortfeasor." *Wilbert v. Pittsburgh Consolidation Coal Company*, 385 Pa. 149. We see no reason to give a tortfeasor the benefit of such a release by reducing a verdict against him.

Judgment affirmed.