Donald Joseph **DORENZO**
and
Patrick B. Clarke
v.
**GENERAL MOTORS CORPORATION**
v.
Donald Joseph **DORENZO.**
Civ. A. No. 68–443.

United States District Court,
E. D. Pennsylvania.

Dec. 14, 1971.

Spencer M. Wertheimer, Monheit & Rosenfield, Philadelphia, Pa., for plaintiffs.

George Lavin, Jr., Liebert, Short, FitzPatrick & Lavin, Philadelphia, Pa., for General Motors.

John F. Ledwith, Joseph R. Thompson, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is before the Court on the motion of the defendant, General Motors, Inc. for summary judgment in its favor against plaintiff, Patrick B. Clarke. The pertinent facts may be briefly recited: At or about 3:00 a.m. on January 29, 1967, Patrick B. Clarke was injured as a result of an automobile accident involving the vehicle in which he was a passenger and a vehicle operated by Ralph A. Marset. The vehicle in which Clarke was riding as a passenger was a 1967 Chevelle being operated by the co-plaintiff, Donald J. Dorenzo.

On or about January 25, 1968, Patrick B. Clarke, in the presence of his attorney, Allen L. Feingold, Esquire, executed and delivered a general release, releasing Florence Ezec and Donald Dorenzo and "all other persons, firms and corporations from all claims and demands, rights and causes of action of any kind the undersigned now has or hereafter may have on account of . . . and occurrence which happened on or about January 29, 1967." The consideration recited in said release ($18,694.20) was in fact paid to Patrick B. Clarke.

On February 28, 1968, Patrick B. Clarke and Donald Dorenzo instituted this action against the General Motors Corporation, alleging that the accident of January 29, 1967 was attributable to the negligence of defendant. The defendant General Motors Corporation raised the affirmative defense of release by the Sixth Defense of its answer, and plaintiff has never denied the validity of said release in any document filed with this Court, including his brief in opposition to this motion.

The law in Pennsylvania is clear that:

A valid release is an absolute bar to recovery for everything included in the release, and it can only be set aside as any contract, even the most solid contract or deed can be set aside, in the presence of clear, precise, and indubitable evidence of fraud, accidental means or incompetence of the party who is alleged to have signed it. Mannke v. Benjamin Moore & Co., 375 F.2d 281, 285 (3d Cir.1967).

And under the law of Pennsylvania it is presumed that an adult is competent to execute a release, and where a document is signed and the signature is accurate it may be presumed that the document accurately expresses the state of mind of the signing party.

The meaning of the clear, precise and indubitable evidence standard was succinctly stated by the United States Supreme Court in Garrett v. Moore-McCormack Co. The Court stated:

Under the Pennsylvania rule one who attacks the validity of a written release has the burden of sustaining his allegation by 'clear, precise, and indubitable evidence'; meaning evidence 'that is not only found to be credible but of such weight and directness as to make out the facts alleged beyond a reasonable doubt.' Witnesses who testify against the release must not only be credible, but 'distinctly remember the facts to which they testify and narrate the details exactly.' Garrett v. Moore-McCormack Co., 317 U.S. 239, 242, 63 S.Ct. 246, 249, 87 L.Ed. 239 (1942.)

See also Evans v. Marks, 421 Pa. 146, 218 A.2d 802 (1966).

Moreover, the plaintiff must establish fraud or mutual mistake by the evidence of two witnesses or by one witness and corroborating circumstances. Evans v. Marks at 151, 218 A.2d 802; e.g. Easton v. Washington County Insur-

ance Co., 391 Pa. 28, 137 A.2d 332 (1957).

The law is also clear that no release can be set aside merely because at the time of the release the releasor was ignorant of the extent of his injuries or the identity of the persons released. In Bollinger v. Randall, 184 Pa.Super. 644, 650–651, 135 A.2d 802, 805 (1957), the Court stated:

> Underestimating damages or making a settlement before the damages are accurately ascertained is not considered such a mutual mistake of fact as to relieve from a release of damages or settlement made by the parties. We agree with what the court below so well said:

> 'To hold otherwise would create a legal situation which would make it impossible, or at least inadvisable, to settle any suit. Settlements are necessarily based upon the facts which are then available to the parties and there is always the risk that the injuries may prove to be more serious or less serious than then contemplated, and there is also the disputed question of liability to be considered. If a release is to be lightly set aside for no other reason than the parties were mistaken as to the extent of the injuries, the effect of the release and the advantage of settlement would be lost. Under these circumstances defendants would be compelled to let every suit go to trial in order to obtain an adverse judgment which would be binding and final. Many cases, including the "nuisance value" cases, would never be settled and plaintiffs, instead of receiving funds immediately, would be compelled to wait for their damages and to undergo additional expenses in proving their cases, always with the risk that the verdict would be against them.'

If, in the instant case, plaintiff had averred that the release was not valid a question of fact would exist which would require a denial of defendant's motion. *E.g.,* Cameron v. Vancouver Plywood Co., 266 F.2d 535 (9th Cir. 1959); Warner-Lambert Pharmaceutical Co. v. John J. Reynolds, 178 F.Supp. 665 (S.D.N.Y.1959). However, plaintiff alleges that a question of fact does exist because Dorenzo was not liable for his injuries and that under Pennsylvania law a release as to one of two joint tortfeasors only bars a subsequent action against the other tortfeasor where the first tortfeasor is, in fact, liable. Plaintiff therefore asserts that until a jury ascertains that Dorenzo was in some way responsible for his injuries the release does not bar the present action. As hereafter stated, we cannot concur with this reasoning. The Uniform Contribution Among Tortfeasors Act provides in pertinent part:

> A release by the injured peron of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors *unless the release so provides*, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid. (Emphasis added) Act of July 19, 1951, P.L. 1130, Sec. 4, 12 P.S. Sec. 2085.

In interpreting said statute in the case of Hasselrode v. Gnagey, 404 Pa. 549, 172 A.2d 764 (1961), the Supreme Court was presented with a factual situation wherein a subsequent party alleged to be a tortfeasor was not specifically named on the release. In *Hasselrode* the plaintiff was a passenger in a vehicle which was involved in an automobile accident and prior to instituting suit against anyone, the plaintiff released one of the drivers "and all other persons . . ." The plaintiff then proceeded to institute suit against the other driver, and the driver in his Answer pleaded the release as New Matter. The plaintiff then filed a Reply to the Defendant's New Matter in which he averred that the release was not intended to, nor did it, release the other tortfeasor. De-

fendant then moved for judgment on the pleadings and the lower court granted the motion. On plaintiff's appeal, the Supreme Court held that the release was a general release, that it did meet the requirements of the Uniform Contribution Among Tortfeasors Act, and that it effectuated a release not only of the specifically named tortfeasor, but also of all possible tortfeasors. See also, Morison v. General Motors Corp., 428 F.2d 952 (5th Cir.1970).

 Plaintiff, while acknowledging the rule of the *Hasserode* case, contends that it is not applicable to the instant facts and urges us to adopt the law as stated in Brown v. City of Pittsburgh, 409 Pa. 357, 186 A.2d 399 (1962); Wilbert v. Pittsburgh Consolidation Coal Co., 385 Pa. 149, 122 A.2d 406 (1956); Union of Russian Societies of Saint Michael and St. George v. Koss, 348 Pa. 574, 36 A.2d 443 (1944); and Eckels v. Klieger, 205 Pa.Super. 526, 210 A.2d 899 (1965). Plaintiff takes the position that all of these cases hold that a release is not valid against an unnamed party where the party specifically released shares no responsibility for the accident. However, these cases are clearly distinguishable from the instant case. None of them involved a general release, but were cases in which the release was specifically limited to one or more named parties. Furthermore, the reason for such a rule in the cases upon which plaintiff relies is to protect a party who obviously did not intend to release everyone. Where, as here, the plaintiff specifically releases "all rights and causes of action of any kind" as to "all other persons, firms and corporations," plaintiff cannot claim that such a release is contingent on the liability of the specific party released.

 Plaintiff also seeks to distinguish *Hasselrode* and *Morison* from the instant case on the ground that in those cases the party released was not made an additional defendant. We find such a distinction devoid of merit. A release in full satisfaction of all claims is either a complete release as to all parties or it is not, and the named parties to the action should not determine the intent of the release. Consequently, we conclude that the instant case is controlled by *Hasselrode, supra*, as plaintiff Clarke executed a general release in which he released all persons, from all claims arising out of the accident in question. There can be no doubt that the accident referred to in plaintiff's complaint is the same as that described in the release. Since there is no dispute about any material fact and since the law is clear, defendant is entitled to the entry of a motion for summary judgment against Patrick B. Clarke as a matter of law.