Michael DICKUN, Plaintiff,

v.

UNITED STATES of America, Defendant
and Third-Party Plaintiff,

v.

RELIANCE INSURANCE COMPANY,
Third-Party Defendant.

Civ. A. No. 79–391.

United States District Court,
W. D. Pennsylvania.

April 14, 1980.

Samuel J. Goldstein, Pittsburgh, Pa., for plaintiff.

Joel B. Strauss, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

Dennis St. J. Mulvihill, Pittsburgh, Pa., for third party defendant.

## OPINION

SNYDER, District Judge.

In this action brought under the Federal Tort Claims Act, the Court has before it the Plaintiff's Motion to Dismiss the third party complaint and the Government's Motion to Dismiss the original complaint.

On August 26, 1976, in Monroeville, Pennsylvania, Philip Podobnik, a mail carrier for the U.S. Postal Department, was performing his official duties in his private automobile when he collided with a motorcycle driven by the Plaintiff, Michael Dickun. Plaintiff brought suit against the United States of America for personal injury and property damage under the Federal Tort Claims Act alleging negligence on the part of Podobnik.

Podobnik was insured by Reliance Insurance Company against liability arising out of the operation of an owned or nonowned vehicle. Under this liability policy, the persons insured as to an owned vehicle included:

"Persons Insured. The following are insureds under Part 1:

(a) with respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named

insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above; . . . "

The United States, as an insured under Podobnik's policy, instituted a third party action against Reliance Insurance Company.

Reliance filed no responsive pleading but offered the Plaintiff the policy limits on bodily injury of $15,000, and payment for property damage.

Plaintiff accepted Reliance's offer and on December 8, 1979, signed a document entitled "Release and Settlement of Claim".[1] He moved to dismiss the third party action against Reliance, stating in part:

"Reliance Insurance Company has paid to the Plaintiff the sum of $15,000, the full extent of its liability together with $1,500 designated as property damage thereby discharging and releasing the said Reliance Insurance Company from any and all liability."

The United States opposed the Motion to Dismiss and simultaneously moved to dismiss Dickun's complaint with prejudice since Dickun's settlement with Reliance released the United States as well.

Dickun's reply to the United States' Motion did not challenge the validity or authenticity of the copy of the Release; rather, Plaintiff asserted that it was not his understanding or intention to release the United States.

### Discussion

#### I. Procedural Problem

■ The United States styled its Motion, "Motion to Dismiss Complaint with Prejudice." However, the United States asked the Court to look beyond the four corners of the Complaint to the Release, and, hence, the Motion must be treated as a Motion for Summary Judgment.[2] Furthermore, since the Motion to Dismiss was filed after the Defendant submitted its Answer, it should be treated as a Motion for Summary Judgment under Fed.R.Civ.P. 56. *Litwhiler v. Hidlay*, 429 F.Supp. 984 (M.D.Pa.1977).

Plaintiff apparently considered the United States' Motion as one for summary judgment since, in his brief, he focused on "the quantum of evidentiary facts which must be adduced to preclude summary judgment."

#### II. Substantive Issue

■ The Federal Tort Claims Act provides, in general, for a waiver of sovereign immunity to which the Federal Government is entitled. Under its basic provisions, the

---

1. The release read:

   "For the sole consideration of <u>Fifteen Thousand and 00/100</u> ____ Dollars ($15,000.00) ____ the undersigned hereby releases and forever discharges <u>Philip Podobnik, the United States of America, The United States Post Office and Reliance Insurance Companies</u> ____ and all other persons, firms and corporations from all claims and demands, rights and causes of action of any kind the undersigned now has or hereafter may have on account of or in any way growing out of Personal Injuries known or unknown to me/us at the present time and Property damage resulting or to result from an occurrence which happened on or about 8–26–1976, and do hereby covenant to indemnify and save harmless the said party or parties from and against all claims and demands whatsoever on account of or in any way growing out of said occurrence and/or its results both to person and property. This release expresses a full and complete SETTLEMENT of a liability claimed and denied, regardless of the adequacy of the above consideration, and the acceptance of this release shall not operate as an admission of liability on the party of anyone nor as an estoppel, waiver or bar with respect to any claim the party or parties released may have against the undersigned.

   Dated: <u>Dec 8</u> 1979   YOU ARE MAKING A FINAL SETTLEMENT—THIS IS A RELEASE. PLEASE READ BEFORE SIGNING.

   Witnesses:        <u>Michael S. Dickun I</u>
   [Unreadable]     <u>/s/ Michael Dickun</u>"

2. *See Cahill v. Ernst & Ernst*, 448 F.Supp. 84 (E.D.Wis.1978) (when court took judicial notice of pleadings filed in related case, effect was to convert dismissal motion into one for summary judgment); *Thompson v. Dugan*, 427 F.Supp. 342 (E.D.Pa.1977); *In re Penn Central Securities Litigation*, 367 F.Supp. 1158 (E.D.Pa.1973) (court asked to look at corporation by-laws).

138

United States is liable for the negligent or wrongful acts or omissions of its employees acting within the scope of their official employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, state law (here Pennsylvania law) governs as to the creation of liability and as to release from liability. *See Munson v. United States,* 380 F.2d 976 (6th Cir. 1967); *Matland v. United States,* 285 F.2d 752 (3rd Cir. 1961).

Under Pennsylvania law, a signed release is binding unless executed through fraud, duress, accident or mutual mistake. *Three Rivers Motors Co. v. Ford Motor Co.,* 522 F.2d 885 (3rd Cir. 1975). The intention of the parties governs the effect of the release, but this intention must, in the first instance, be gathered from the language itself. *Frank v. Volkswagenwerk, A.G. of West Germany,* 382 F.Supp. 1394 (E.D.Pa. 1974), *modified on appeal* 522 F.2d 321 (3rd Cir. 1975); *Evans v. Marks,* 421 Pa. 146, 218 A.2d 803 (1966). The natural and ordinary meaning of this language will prevail unless one of the parties unequivocally proves fraud or *mutual* mistake. *Sears Roebuck & Co. v. Jardel Co.,* 421 F.2d 1048 (3rd Cir. 1970); *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967). *See also ACF Produce, Inc. v. Chubb/Pacific Indemnity Group,* 451 F.Supp. 1095 (E.D.Pa.1978); *Young v. Robertshaw Controls Co.,* 430 F.Supp. 1265 (E.D.Pa.1977); *Dorenzo v. General Motors Corp.,* 334 F.Supp. 1155 (E.D.Pa.1971).

Plaintiff suggested at oral argument that by the release he intended only to relinquish the first $15,000 of his claim against the United States. However, the language of the agreement clearly indicated the United States was released from "all claims and demands," and the release was "a full and complete settlement of a liability regardless of the adequacy of the . . consideration."

Plaintiff's recourse, if any, is that execution of the release may have been by mutual mistake. Plaintiff's Reply to the United States' Motion to Dismiss, however, fails to raise the issue of mutual mistake. Plaintiff's counsel's intention and mistaken understanding of the release are, by themselves, insufficient to raise mutual mistake. It is necessary that Reliance had similar intention and mistaken understanding, and this has not been alleged. Furthermore, with regard to Reliance's understanding, we note that under the insurance policy, Reliance owed to the insureds, Podobnik and the United States, a duty to pay *and* a duty to defend. An insurer is bound to defend an insured notwithstanding an offer to pay policy limits. *LaRocca v. State Farm Mutual Automobile Insurance Co.,* 329 F.Supp. 163 (W.D.Pa.1971), *aff'd* 474 F.2d 1338 (3rd Cir. 1973); *Simmons v. Jeffords,* 260 F.Supp. 641 (E.D.Pa.1966). Thus, Reliance may well have intended the release be effective as to the United States.

An appropriate order will be entered granting summary judgment to the United States.