BROWN, David A., and Brown, Annamarie, his wife

v.

BELLAPLAST MASCHINENBAU, Bellaplast, Inc., Consumer Glass Company Limited, Brown Machine, Leesona Corp., and Koehring Corp.

Civ. A. No. 84–1865.

United States District Court, E.D. Pennsylvania.

Feb. 20, 1985.

Thomas E. Timby, Newtown, Pa., for plaintiffs.

L. Carter Anderson, Philadelphia, Pa., for Bellaplast Maschinenbau.

Arthur R. Littleton, Philadelphia, Pa., for Bellaplast, Inc.

Ominsky, Joseph & Welsh, Edward B. Joseph, Philadelphia, Pa., for Brown Machine and Leesona Corp.

Craig E. Ziegler, Philadelphia, Pa., for Koehring Corp.

Thomas F. Segalla, Buffalo, N.Y., and Richard M. Mackowsky, Philadelphia, Pa., for Consumer Glass Co. Ltd.

## MEMORANDUM

CLIFFORD SCOTT GREEN, Judge.

This diversity action arises out of injuries allegedly suffered by plaintiff David A. Brown at his place of employment on April 19, 1982. On April 18, 1984, David A. Brown, along with his wife, Annamarie Brown ("plaintiffs"), commenced this action by complaint. The various allegations contained in the complaint set forth causes of action based upon negligence, strict liability under section 402A of the Restatement (Second) of Torts and breach of warranty.

Now pending before this court is a motion characterized by the movant, West German corporation Bellaplast Maschinenbau ("Maschinenbau" or "defendant"), as a motion "to dismiss." This is defendant's second such motion. For the reasons set forth below, defendant's motion will be denied.

In its first motion, Maschinenbau asserted two grounds for dismissal: (1) plaintiff's failure to properly serve defendant pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. 6633, 658 U.N.T.S. 163, *entered into force*, February 10, 1969 ("Hague Convention"), within the 120 day period set forth in Fed.R.Civ.P. 4(j), required dismissal; and, (2) plaintiffs' failure to serve the complaint in a timely manner barred their causes of action under the applicable Pennsylvania Statute of Limitations.

When suit is brought against a West German defendant, any attempted service which does not conform to the service requirements of the Hague Convention must be quashed,[1] and plaintiff granted a reasonable time within which to properly serve the defendant. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir.1983); *Bauhaus Design Canada Ltd., Inc. v. Modern Bauhaus Interiors, Inc.*, No. 84–2511, slip op. at 1 (E.D.Pa. July 31, 1984) (Fullam, J.); *Harris v. Browning-Ferris Industries Chem. Serv.*, 100 F.R.D. 775, 778 (M.D.La.1984). By order dated November 14, 1984, this court converted defendant's first motion to dismiss into a motion to quash, quashed plaintiffs' nonconforming attempted service, and granted them a reasonable time within which to properly serve defendant.

Due to plaintiffs' inadequate service of process, there was no basis at that time for this court to address defendant's other ground for dismissal. *See Buck's County Playhouse v. Bradshaw*, 577 F.Supp. 1203, 1211 (E.D.Pa.1983). Now after having been properly served in accordance with the requirements of the Hague Convention, defendant reasserts its statute of limitations argument in its second "motion to dismiss."

---

1. For proper service of process upon a West German defendant, such service must be effectuated through a designated West German central authority, with all service documents translated into German. *See Harris v. Browning-Ferris Industries Chem. Serv.,* 100 F.R.D. 775 (M.D. La.1984).

It is to be noted initially, that although defendant has termed its motion as one to dismiss, it points to none of the seven grounds enumerated in Fed.R.Civ.P. 12(b). Since, however, subsection (6)[2] of the aforementioned rule has been interpreted to encompass the ground of "failure to act within the limitations period," *General Instrument Corp. v. American Home Assur. Co.*, 397 F.Supp. 1074, 1076 (E.D.Pa.1975), I will construe defendant's motion thereunder.

■ It is also to be noted that the statute of limitations is an affirmative defense. Fed.R.Civ.P. 8(c); *see also* Pa.R.Civ.P. 1030. As such, it can only be raised on a Rule 12(b)(6) motion if the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations. *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978); *Hanna v. United States Veteran's Administration Hospital*, 514 F.2d 1092, 1094 (3d Cir.1975). Thus, if "the bar is not apparent *on the face* of the complaint, then it may not afford a basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Construction Corp., supra*, at 1174 (emphasis added).

■ In the case, *sub judice*, neither plaintiffs nor defendant dispute the applicability of Pennsylvania's two-year statute of limitations for actions in trespass, 42 Pa. Cons.Stat.Ann. § 5524 (Purdon Supp.1984–85), to plaintiffs' causes of action. A careful reading of the complaint discloses on its face at least, timely (albeit barely) filing of suit. Thus, it is not apparent on the face of the complaint that the statute bars the action. Accordingly, defendant cannot raise the statute of limitations as a defense in this Rule 12(b)(6) motion.

**2.** This subsection allows a motion to dismiss to be asserted for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

**3.** Additional support for this treatment of defendant's motion comes from the fact that defendant filed its motion to dismiss in this case after it had already answered plaintiffs' complaint. *See Dickun v. United States*, 490 F.Supp.

■ Notwithstanding the above, the Federal Rules provide that for motions made pursuant to Rule 12(b)(6), where "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Fed.R.Civ.P. 12(b). *See also Closed Circuit Corporation of America v. Jerrold Electronics*, 426 F.Supp. 361, 365 (E.D.Pa.1977) (where court treated 12(b)(6) motion raising statute of limitations defense as Rule 56 motion due to presentation of material outside pleadings). Since defendant, as well as plaintiffs, has filed an affidavit with regard to the motion, I will treat said motion as one for summary judgment under Rule 56.[3]

Summary judgment cannot be granted unless it can be shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment *as a matter of law.*" Fed.R.Civ.P. 56(c) (emphasis added); *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). For its motion to succeed, Maschinenbau must, therefore, demonstrate that it is entitled to judgment as a matter of law.

■ Federal courts sitting in diversity jurisdiction, as I do here, must apply state law regarding the statute of limitations. *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). State service requirements which are an integral part of the state statute of limitations must also be applied by a federal court entertaining an action based on state law in diversity jurisdiction. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753–54, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980).

136, 137 (W.D.Pa.1980). Moreover, post-answer summary judgment motions are the usual vehicles for raising affirmative defenses such as the statute of limitations. *See, e.g., E.E.O.C. v. Westinghouse Elect. Corp.*, 725 F.2d 211 (3d Cir. 1983). Thus, what defendant characterized as its motion to dismiss, would have been more aptly termed its motion for summary judgment.

**588**

As noted previously, 42 Pa. Const.Stat.Ann. § 5524 (Purdon Supp.1984–1985) requires that actions, such as this one, be commenced within two years. In Pennsylvania commencement of an action for statute of limitations purposes can be effectuated by filing, *inter alia*, "a complaint." Pa.R.Civ.P. 1007(2). *See Pannill v. Seahorne*, 278 Pa.Super. 562, 420 A.2d 684 (1980). In addition to the timely filing of a complaint, Pennsylvania also imposes a prompt service requirement to ensure tolling of the statute. *See id.; see also Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). A complaint will only "remain effective to commence an action if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Pannill v. Seahorne, supra*, 278 Pa.Super. at 546, 420 A.2d at 686 (quoting *Lamp v. Heyman, supra*, 469 Pa. at 478, 366 A.2d at 889). Pursuant to the above quoted language ("*Lamp* rule"), a plaintiff must effectuate prompt service in accordance with the manner prescribed by the local practice in order to toll the statute of limitations. *See Lamp, supra*, at 478, 366 A.2d at 889.

It has been held, however, that the *Lamp* rule is not always applicable, and that each case must be taken on its own particular facts "in order to determine whether a *good faith effort* to effectuate service has been made." *Jacob v. New Kensington Y.M.C.A.*, 312 Pa.Super. 533, 538 n. 3, 459 A.2d 350, 352 n. 3 (1983).

As noted previously, defendant must demonstrate that it is entitled to judgment as a matter of law if its motion is to succeed. To accomplish this goal, it must not only demonstrate that plaintiffs failed to promptly serve the complaint in accordance with local practice, but also that they did not make a good faith effort to do so. The record, as it now stands, contains factual disputes, and is insufficient in regard to plaintiffs' actions surrounding the service of their complaint for this court to determine whether they made a good faith effort to comply with local practice. Ac-

cordingly defendant's motion will be denied.