557 A.2d 27

**Marjorie and Mark BROSIUS, Appellants,**

**v.**

**LEWISBURG CRAFT FAIR, Lewisburg Armory Board, and the Commonwealth of Pennsylvania, Department of General Services, Appellees,**

**v.**

**Ada BOWER and James R. Carr, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1988.

Filed April 17, 1989.

David L. Lutz, Harrisburg, for appellants.

Robert J. Menapace, Assistant District Attorney, Sunburg, for Lewisburg Craft Fair, appellee.

John Havas, Harrisburg, for Lewisburg Armory Bd., appellee.

Michael F. Cosgrove, Scranton, for Bower, appellee.

Gary Weber, Williamsport, for Carr, appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge:

In this action to recover damages for personal injuries sustained in a vehicular accident, the trial court entered judgment on the pleadings in favor of all defendants after plaintiff and her husband had admitted signing a general release. The plaintiffs appealed. We affirm.

Marjorie Brosius, while crossing a highway en route to the Lewisburg Craft Fair, was struck and injured by a vehicle operated by Robert Carr. The Carr vehicle was insured under a policy of automobile insurance which contained a liability limit of twenty-five thousand ($25,000.00) dollars. This sum was paid to Mrs. Brosius and her husband, Mark, who executed in exchange therefor a general release. The release contained language which released all claims arising from the accident against "any and all other persons, firms, corporations, associations, both known and unknown, whether herein named or referred to or not."

Alleging medical bills in excess of one hundred thousand ($100,000.00) dollars, Mrs. Brosius and her husband subsequently commenced an action against Lewisburg Craft Fair, Inc., Lewisburg Armory Board, an alleged lessor of the

premises on which the fair had been conducted, and the Commonwealth of Pennsylvania, Department of General Services. These defendants joined Ada Bower, who had been walking with Mrs. Brosius at the time of the accident, and Robert Carr, the driver of the offending vehicle, as additional defendants. Carr pleaded, by way of defense, the release which had been executed by Mrs. Brosius and her husband. In a reply thereto, the plaintiffs admitted the release. They did not allege that it had been obtained as a result of fraud, duress, or mutual mistake. Thereafter, all defendants and additional defendants filed motions for judgment on the pleadings, which the trial court granted.

■ In Pennsylvania, the effect of a release is determined by the language appearing therein. This language must be interpreted according to its ordinary meaning, unless it appears that the language was intended to convey a different meaning. *Wenger v. Ziegler,* 424 Pa. 268, 271, 226 A.2d 653, 654 (1967); *Vogel v. Berkley,* 354 Pa.Super. 291, 297, 511 A.2d 878, 881 (1986). The clear meaning of the terms of the release executed by appellants in the instant case is that plaintiffs, in exchange for payment of Carr's policy limits, intended to release not only Carr but all other parties from any and all future liability. In this manner, the parties agreed that there would be no further litigation against any third person who might join Carr as an additional defendant. Appellants have failed to demonstrate any valid reason for preventing a settling defendant from protecting himself in this manner.

■ Appellants argue that to hold the instant release applicable to other defendants, where the release was signed without consideration having been paid by such defendants, would be contrary to public policy. This argument is not supported by the decided cases, which have held generally that releases are enforceable according to their terms in the absence of fraud or mutual mistake. See: *Wolbach v. Fay,* 488 Pa. 239, 412 A.2d 487 (1980); *Hasselrode v. Gnagey,* 404 Pa. 549, 172 A.2d 764 (1961). A release will not be set aside as violative of public policy where it was understood by the parties, and where valid considera-

tion was paid for it. See: 31 P.L.E. Release § 6 at p. 270. See also: Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S. § 8326 ("A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors *unless the release so provides....*" (emphasis added)).

Relying on *Sparler v. Fireman's Insurance Co.,* 360 Pa.Super. 597, 521 A.2d 433 (1987), *appeal denied,* 518 Pa. 613, 540 A.2d 535 (1988), appellants argue that a court should look to the parties' intent and determine whether they intended to release other potential defendants. In *Sparler,* however, the issue was whether a general release given in connection with the settlement of a third party tort action was applicable to bar a separate contract action by the releasor against his own insurance carrier to recover sums which the carrier had agreed expressly to pay. The Superior Court held that the release would not be given such an effect in the absence of a clear expression of intent to that effect. The *Sparler* court specifically distinguished the circumstances of the instant case when it said:

> The trial court's broad interpretation of Sparler's general release was based upon a decision of the United States District Court for the Eastern District of Pennsylvania in *Dorenzo v. General Motors Corp.,* 334 F.Supp. 1155 (E.D.Pa.1971), *appeal dismissed,* 474 F.2d 1339 (3d Cir.1973). *Dorenzo,* however, is inapposite to the instant case. There, the party claiming the benefit of the general release was a joint tortfeasor whose alleged liability, like that of the released party, had been premised on a single tortious injury to the plaintiff. Here, however, the party seeking to benefit from the general release is an insurer whose *contractual* liability is separate and apart from the tortious liability of the released tortfeasor.

*Id.,* 360 Pa.Superior Ct. at 602–603, 521 A.2d at 435–436 (emphasis in original). In the present case, the general release was applicable by its terms to alleged joint tort-feasors whose liability, if any, arose from the same tortious injury to Mrs. Brosius for which the release had been executed. Under these circumstances, *Sparler* does not

prevent enforcement of a release according to the clear and unambiguous terms thereof.

The pleadings in this case disclose no unresolved issues of fact pertaining to the validity of the release. Plaintiffs admitted that they had executed the release and did not allege that it had been a product of fraud or mistake. Appellants rely upon the decision of a panel of the Superior Court in *Hower v. Whitmak Assoc.*, 371 Pa.Super. 443, 538 A.2d 524 (1988), where it was held that questions pertaining to intent and understanding in executing a release raise material issues of fact regarding the validity of the agreement. In *Hower,* however, mistake had been raised as a defense in the pleadings, and this had been supported by evidence which became apparent during discovery. Under these circumstances, the Court held that the trial court had erred in entering summary judgment barring recovery. In the instant case, judgment was entered on pleadings which admitted the release and alleged no facts that would allow the signatories to avoid its effect. Appellants pleaded only that appellees provided no consideration for the release and were therefore not released as a matter of law. This was an inadequate basis, as we have seen, for refusing to enforce the release according to its terms.

The order entering judgment on the pleadings is affirmed.