**PAMELA HARRIS, Plaintiff**

**v.**

**VIRGIN ISLANDS HOUSING AUTHORITY, Defendant**

Civil No. 863/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 4, 1992

Benjamin A. Currence, Esq., St. Thomas, V.I., *for plaintiff*

Lad Mingus, Christiansted, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

### INTRODUCTION

Defendant brings this Motion to Dismiss on the grounds that this tort action is barred by the applicable two-year statute of limitations. Plaintiff opposes the motion arguing that the defendant waived its rights to assert a Statute of Limitations defense because it failed to assert it in its Answer.

The issues presented are (1) whether a defendant waives his right to assert a Statute of Limitations defense if he fails to do so in his Answer, but asserts it in a subsequent motion to dismiss, and if not (2) whether the tort action is barred by the applicable Statute of Limitations. For the following reasons, the court holds that the defendant does not waive his right to assert a Statute of Limitations defense, and that the action is time-barred.

### FACTS

On September 20, 1990 plaintiff, Pamela Harris, filed a lawsuit in this court against the Virgin Islands Housing Authority ("Authority"), defendant, alleging that she sustained personal injury when she fell down a stairway on property owned by the Authority known as the Warren E. Brown Housing Project on St. Thomas, Virgin Islands. In the complaint, plaintiff alleged that the incident

occurred "on or about the 21st day of September, 1988." In its Answer filed on December 4, 1990 the Authority did not assert a Statute of Limitations defense. Defendant propounded discovery requests on plaintiff at the same time it filed its Answer. During the discovery process defendant's counsel received a letter dated September 19, 1988 written by defendant's manager at the Warren E. Brown Housing Projects which stated that the incident occurred on September 16, 1988. The medical report signed by the attending physician at the St. Thomas Hospital also stated that the plaintiff was admitted for treatment on September 16, 1988.

Because the September 16th date falls outside the two-year Statute of Limitations for bringing tort actions, the defendant asserts a Statute of Limitations defense for the first time and brings this instant motion to dismiss the action.

## DISCUSSION

Defendant argues that after confirming on June 10, 1991 that the date of the incident was September 16, 1988, not "on or about September 21, 1988", and after giving plaintiff several weeks to voluntarily dismiss the case, it promptly filed this instant motion on July 25, 1991. Defendant believes it did not waive its rights to assert the affirmative defense, and that, the case should be dismissed. Alternatively, however, defendant wishes that the court allow it to amend its Answer to add the Statute of Limitations as an Affirmative Defense.

Plaintiff argues in opposition that the Statute of Limitations is an affirmative defense which must be set forth in the answer to a complaint, and a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case.

■ "In pleading to a preceding pleading a party shall set forth affirmatively . . . statute of limitations . . ." Fed.R. Civil P. (8)(c), 5 V.I.C. App. I, R. 8(c). The Statute of Limitations is an affirmative defense that must be asserted in a party's responsive pleading at the earliest possible moment, and is waived if not pleaded. Davis v. Bryan, 810 F.2d 42 (2nd Cir. 1987); Wright & Miller, Federal Practice and Procedure: Civil 2d Section 1278.

■ Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. Id. However, the substance of many unpleaded affirmative defenses may be asserted by pretrial motions, particularly in the absence of

prejudice. Id. In our jurisdiction, the Third Circuit has ruled that all affirmative defenses including the defense of Statute of Limitations, may be presented by a motion to dismiss the complaint. Brown v. Maschinenbau, 104 F.R.D. 585 (D.Pa. 1985); Burkhardt v. Liberty, 394 F.Supp. 1296 (W.D.Pa. 1975); also see Wright & Miller, Federal Practice and Procedure: Civil 2d Section 1277. Additionally, even if a defendant fails to assert an affirmative defense in his answer, he may amend his pleading by leave of court which shall be freely given when justice so requires. Fed.R. Civil Proc. (15)(c); Transport Trailer Serv., Inc. v. Upjohn Co., 506 F.Supp. 442 (D.C. Pa. 1981); Systems Inc. v. Bridge Electronics Co., 335 F.2d 465 (3d Cir. 1964). Moreover, when a party wishes to amend an answer to assert an affirmative defense, the amendment should be allowed if it is not offered for reasons of delay or prejudice. Harrison Beverage Co. v. Dribeck Importers, Inc., No. 88-2342(b) (D.N.J. 1990); Harvey v. Eimco Corp., 32 F.R.D. 598 (D.C. Pa. 1963).

■ In the case at bar, the plaintiff alleged in the complaint filed on September 21, 1990 that the incident occurred "on or about September 21, 1988," within the two-year Statute of Limitations. Therefore, on the face of the complaint a Statute of Limitations defense appeared unlikely. Because the defendant learned, through the discovery process, that the incident occurred on September 16, 1988 and not September 21, 1988, defendant cannot be penalized for failing to assert an affirmative defense in his Answer which could not have been asserted prior to the discovery process. Therefore the "earliest possible time" to have asserted the affirmative defense would have been when defendant learned that the incident occurred on September 16, 1988, and filed its Motion to Dismiss.

■ Defendant argues and the court agrees that defendant filed this motion "at the earliest possible moment" after first confirming the correct date of the incident and after giving plaintiff time to voluntarily dismiss the case. Thus, it is clear that the defendant did not waive its rights to assert the affirmative defense. See, Lavalle Northside Civic Association v. V.I. Coastal Zone Management Commission, 866 F.2d 616, 625 (3d Cir. 1989).

■■ In fact, plaintiff is estopped from opposing the affirmative defense in defendant's motion to dismiss because plaintiff either knew or should have known that the two-year statute of limitations had expired at the time the complaint was filed. Where a court is

asked to look beyond the complaint in ruling on a motion to dismiss and where the motion to dismiss was filed after the answer, the motion must be treated as one for Summary Judgment. Brown v. Maschinenbau, 104 F.R.D. 585 (1985), Dickun v. United States, 490 F. Supp. 136 (1980). Since in this case the defendant's motion to dismiss was filed after its answer, the motion will be treated as one for Summary Judgment. The motion should be granted so long as what is before the court demonstrates that the standard for the entry of Summary Judgment, as set forth in Rule 56(e), is satisfied. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). For its motion to succeed the Housing Authority must, therefore, demonstrate that there are no genuine issues of material fact, with respect to the date of the incident, and that it is entitled to Judgment as a matter of law.

The letter written by defendant's manager at the Warren E. Brown Housing Project shows that the incident occurred on September 16, 1988. The medical report signed by the attending physician at the St. Thomas Hospital also confirms that the incident occurred on September 16, 1988. Plaintiff does not dispute this fact. There is therefore no doubt that the incident occurred on September 16, 1988, that the complaint was filed on September 20, 1990, and that plaintiff's reference to "on or about September 21, 1988" appears to constitute an attempted fraud on the court because of the expiration of the two-year Statute of Limitations.

## CONCLUSION

The court concludes that defendant asserted its Statute of Limitations defense at the earliest possible moment by way of its Motion to Dismiss and did not waive its rights to do so. Moreover, because the plaintiff filed this case after the expiration of the two-year Statute of Limitations, defendant's Motion to Dismiss will be Granted.

## ORDER

This matter is before the court on defendant's Motion for Dismissal of this tort action on the grounds that it is barred by the applicable two-year Statute of Limitations. In accordance with the court's Memorandum Opinion of even date, it is hereby,

ORDERED, that defendant's Motion to Dismiss is Granted with prejudice.