670 A.2d 157

**Danean SEASOR and Latesha Coney, Janeice Coney and Emmie Coney, Appellees,**

**v.**

**Bessie Lee COVINGTON and Liberty Mutual Insurance Company, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 11, 1995.

Filed Jan. 16, 1996.

544

Robert J. McDade, Philadelphia, for appellants.

James D. Rosen, Philadelphia, for appellees.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from the order of court which denied Appellant Bessie Lee Covington's motion to mark the judgment against her satisfied. We affirm but remand for the limited purpose of directing the trial court to apprise Appellant Bessie Lee Covington of her right to and need for independent counsel.

The facts may be summarized as follows: On August 5, 1991, Bessie Lee Covington (Appellant Covington) was driving a rented van when she lost control of the vehicle, causing it to turn over. All of the nineteen passengers in the van were injured. The van was insured by Liberty Mutual Insurance Company (Appellant Liberty Mutual) while Appellant Covington's personal vehicle was insured by Erie Insurance Company (Erie Insurance). Subsequent to the accident, the insurance companies commenced negotiations to the extent of their policy limits. The claims of all injured passengers, except Appellees, were settled with both Appellant Liberty Mutual and Erie Insurance.[1]

---

1. It is unclear from the record precisely why Appellees were excluded from the settlement. Appellant Liberty Mutual contends that Appellees never responded to an invitation to participate in negotiations. To the contrary, Appellees contend that they did submit personal injury claims

Upon learning of the policy limit settlements, Appellees immediately contacted both insurance companies. Erie Insurance, in turn, agreed to pay Appellees a sum of money equivalent to that received by the other claimants. In exchange for this payment, Appellees executed a special release that acted as a full and final release with regard to Erie Insurance and a partial release with regard to Appellant Covington. Appellant Liberty Mutual, on the other hand, refused to settle Appellees' claims.

In due course, Appellees sued Appellant Covington for negligence and succeeded in obtaining a judgment against her in the amount of $84,000.00. Following the jury verdict, the award was entered against Appellant Covington in the judgment index of Philadelphia County. Appellees then sought an assignment of rights from Appellant Covington so that they could institute proceedings against Appellant Liberty Mutual to recover the judgment. Appellees have stipulated that if Appellant Covington did in fact agree to assign her rights, the judgment against her would be marked satisfied. However, counsel for Appellant Covington (who is also counsel for Appellant Liberty Mutual) refused to grant the assignment. Thereafter, Appellees filed a separate bad faith action against Appellant Liberty Mutual in federal court.[2]

but that both insurance companies erred in omitting them from the settlement group.

2. Appellant Liberty Mutual's defense to the pending bad faith action is that without an assignment of rights, Appellees lack standing to sue. Because proper standing depends solely on Appellant Covington's willingness to sign the release, a step that would clearly be detrimental to Appellant Liberty Mutual, Appellees claim that dual representation in this case poses a serious conflict of interest. Thus, in their brief, Appellees ask us to exercise plenary jurisdiction to disqualify counsel from representing both parties because of their blatant conflicting interests.

We note that Appellees petitioned the lower court to disqualify counsel for Appellant Covington on the ground that he also represented Appellant Liberty Mutual. This motion was denied. We conclude that at the time the motion was presented, counsel for Appellants could have legitimately made the argument that he was able to effectively represent both Covington and Liberty Mutual because the common goal was to keep both entities from incurring liability. However, at this juncture, when it is readily apparent that Appellant Covington's best interests

 After the judgment was indexed, Appellant Covington filed a petition to mark the judgment satisfied on the ground that the special release absolved her of personal liability and acted as full satisfaction of the judgment against her. The trial court, finding that the release only partially discharged Appellant Covington, denied her motion.[3] Thus, the sole issue before us is whether the partial release as to Appellant Covington's personal liability constitutes satisfaction of the judgment such that the judgment must be marked satisfied. We find that it does not.

 It is well settled that the effect of a release must be determined from the ordinary meaning of its language. *Brosius v. Lewisburg Craft Fair*, 383 Pa.Super. 454, 455–56, 557 A.2d 27, 28 (1989). When construing agreements such as releases that involve clear and unambiguous terms, the court need only examine the writing itself to give effect to the parties' understanding. *McMahon v. McMahon*, 417 Pa.Super. 592, 599–601, 612 A.2d 1360, 1364 (1992).

Our reading of the special release indicates that Appellees intended to partially release Appellant Covington from liability, subject to any actionable rights she had for indemnification against Appellant Liberty Mutual. The agreement clearly and unambiguously states that it is a *"partial* release subject to

directly conflict with those of Appellant Liberty Mutual, counsel's dual representation presents an egregious ethical violation. This Court will not condone this representation when the actions taken by counsel have the grave consequence of depriving Appellant Covington of an advocate zealously representing her individual interests.

Therefore, we direct the trial court to properly advise Appellant Covington of her right to independent counsel. Furthermore, Appellant Covington should be apprised of her current situation with regard to the judgment that exists against her and how it would be marked satisfied upon her assigning her rights against Appellant Liberty Mutual.

**3.** We note that the trial court opinion focused on whether the release fully or partially released Appellant Covington from liability instead of addressing whether a partial release constitutes satisfaction of judgment. Although we disagree with the trial court's conclusion that the release absolves Appellant Covington only to the amount paid under her Erie policy ($6,900.00), we nonetheless find that the petition at issue was properly denied.

[recovery of funds available from Appellant Liberty Mutual] with regard to [Appellant Covington]." This language does not render Appellant Covington personally liable for the entire judgment, nor does it just release her for the amount paid by Erie Insurance. To the contrary, the release states that Appellees "agree not to collect, or attempt to collect any money, damages or assets from [Appellant Covington], individually or from her representatives, assigns, heirs or agents." Thus, the terms of the agreement clearly indicate that Appellees partially released Appellant Covington from personal liability in exchange for the right to pursue any cause of action she may have against Appellant Liberty Mutual.

In light of the above, we turn to the law governing satisfaction of a judgment. A judgment creditor who has received satisfaction of any judgment must enter satisfaction on the outstanding public record, which will effectively forever discharge the judgment. *See* 42 Pa.C.S.A. § 8104(a). The term satisfaction, as used in this statute, refers to a situation in which a creditor has received full payment for the underlying debt obligation. *Key Savings and Loan Association v. Louis John, Inc.,* 379 Pa.Super. 226, 234–36, 549 A.2d 988, 993 (1988); *Busy Beaver Building Centers, Inc. v. Tueche,* 295 Pa.Super. 504, 510–11, 442 A.2d 252, 255 (1981).[4] Moreover, satisfaction of a judgment ordinarily extinguishes the judgment and implies or manifests an expression of finality as to all questions of liability and damages. *Linde Enterprises, Inc. v. Hazelton City Authority,* 412 Pa.Super. 67, 77–79, 602 A.2d 897, 902 (1992), *alloc. den.,* 533 Pa. 601, 617 A.2d 1275; *see also Sanctis v. Checco,* 195 Pa.Super. 193, 194, 171 A.2d 542, 544 (1961) (upon satisfaction there no longer exists an obli-

---

4. In his dissent in *Key Savings,* Judge Hester sets forth a thorough analysis of the law of satisfaction as it has evolved through this Court. The dissent correctly states that judgments may be satisfied by operation of law or by an agreement to accept as full payment an amount that is less than that owed. Thus, it is clear that "full payment" may not always mean that the creditor received his entire debt. It may only indicate that he accepted a lesser amount as full satisfaction of the debt. In such instances, the court must look to the language and intent of the parties' agreement as we have done here.

gation which may be opened or stricken, and all questions of liability and damages are deemed extinguished).

Applying these principles to our factual situation, we find that the underlying judgment has not been satisfied. It is clear that Appellees did not agree to extinguish or finalize all questions of liability and damages. This is evident in the carefully crafted agreement wherein Appellees partially released Appellant Covington from personal liability in exchange for any rights she may have to seek indemnification from Appellant Liberty Mutual. The plain language of the release dictates that the judgment will be satisfied only when Appellees have had the opportunity to pursue the judgment against Appellant Liberty Mutual. Once Appellees have had their day in court with Appellant Liberty Mutual, regardless of the outcome, judgment will be deemed satisfied according to law and Appellant Covington will have the absolute right to have said judgment marked satisfied.

Order affirmed. Case is remanded for the limited purpose of the court advising Appellant Covington of her need for independent counsel, in view of the obvious conflict of interest which exists on the part of present counsel for Appellant Covington. Jurisdiction relinquished.