**Graziani v. OneBeacon Insurance Inc.**

*Kelly Tocci* and *James J. Ross,* for plaintiffs.
*Christopher M. Jacobs,* for defendants.

KUNSELMAN, *P.J.,* November 21, 2007—This matter is before the court on a motion to compel discovery submitted on behalf of the plaintiff, Tina A. Graziani. The plaintiff, Eric L. Randolph, has joined in the motion. The motion seeks to compel production of the entire claims file of the defendant, One Beacon Insurance Inc. (OneBeacon) which was developed in connection with an underlying claim for damages made by Graziani against Randolph and his employer, Burlington Motor Carrier Inc. OneBeacon has refused to produce portions of its claim file on the basis of attorney-client privilege and/or trial preparation.

A brief factual and procedural background is necessary to a full understanding of the positions of the parties. Graziani was injured in an accident caused by the negligent operation of a tractor-trailer owned by Burlington Motor Carriers and operated by Randolph. Claim was made on her behalf to Burlington's liability carrier, OneBeacon, with no response. Suit was filed and Burlington and Randolph were served with process. Counsel for Graziani still received no response and secured a judgment by default. After securing the default judgment, counsel for Graziani presented a petition to schedule a non-jury trial to liquidate damages. Susan Roberts, Esquire was retained by OneBeacon to appear on behalf of Burlington and Randolph to oppose the motion. The reason for the opposition was the bankruptcy filing of Burlington in the State of Indiana. We refused to schedule trial because of the automatic bankruptcy stay.

Graziani then secured relief from the stay and once again presented a petition to schedule a non-jury trial. After a series of motions on behalf of Burlington and Randolph, counsel representing OneBeacon, Burlington and Randolph succeeded in opening the default judgment largely for the reason that the judgment against Randolph would also bind his employer, Burlington and Burlington's bankrupt estate. We then directed Burlington and Randolph to file a responsive pleading. A responsive pleading was filed which, among other things, denied that Randolph was Burlington's employee.

A non-jury trial was then scheduled to try the issues in the underlying case. However, the parties successfully negotiated a settlement agreement and a praecipe to discontinue was filed on March 9, 2007. In the meantime, Graziani and Randolph filed the above entitled action against OneBeacon. Graziani's claims against OneBeacon are on the basis of fraud, conspiracy and abuse of process, all related to OneBeacon's conduct during the pendency of the underlying claim. Randolph's claims are based upon the Bad Faith Statute and the Consumer Protection Law, again related to OneBeacon's conduct during the pendency of the underlying claims.

Both Graziani and Randolph are seeking to compel the production of the entire claim file compiled by One-Beacon in connection with the underlying action. One-Beacon has produced some, but not all, of its claim file. The portions not produced are claimed by OneBeacon to be protected from discovery by the attorney-client privilege and the work product doctrine. Graziani and Randolph contend that the attorney-client privilege does not apply for several reasons. First, neither Randolph nor

Burlington asserted the privilege and Burlington no longer exists because of the bankruptcy. Therefore, One-Beacon no longer shares a common interest with its insured. Moreover, Randolph has specifically waived the privilege. In addition, they contend that the work product doctrine only applies to the underlying litigation and not to the present litigation. OneBeacon contends that it too was a client of Susan Roberts and so it can and does claim the attorney-client privilege. OneBeacon also contends the work product doctrine is still applicable because the underlying claim settled within the policy limits and so its state of mind is not at issue.

## ATTORNEY-CLIENT PRIVILEGE

"In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." 42 Pa.C.S. §5928.

This privilege is clearly limited to confidential communications from the client to the attorney and not from the attorney to the client and that has been decided by the courts. *Birth Center v. St. Paul Companies Inc.,* 727 A.2d 1144, 1164 (Pa. Super. 1999). A communication from counsel to the client may be privileged if it reiterates or sets forth the gist of a prior communication from the client to the attorney. *Eisenman v. Hornberger,* 44 D.&C.2d 128 (Lycoming Cty. 1967). Moreover, the privilege does not bar discovery of all communications. It only bars discovery of confidential communications made by the client to the attorney for the purpose of securing a legal opinion or legal services. *Birth Center v. St. Paul Companies Inc., supra* at 1164.

The first question we must decide has not been squarely decided by our courts. When an insurance carrier hires an attorney to defend its insured in a third-party action, is the insured the client, or are the insured and the insurance company both clients of the attorney? It is contended by one writer that the better view is the "single client view". Insurance Coverage in Pennsylvania, Lynette Norton, PBI Press, sections 6.C(1) and 6.C(2). However, a number of cases have at least recognized that both the insurance carrier and the insured are clients of the attorney, at least to the point where a conflict arises at which time both parties must be represented by separate attorneys. See *e.g., Perkoski v. Wilson,* 371 Pa. 553, 92 A.2d 189 (1952); *Seasor v. Covington,* 447 Pa. Super. 543, 546 n.2, 670 A.2d 157, 158 n.2 (1996); *Nedrow v. Pa. National Mutual Casualty Insurance Co.,* 31 D.&C.3d 456 (Somerset Cty. 1981); *Harvey v. Whatley,* 2 Phila. 443 (1979); *Trzesniowski v. Erie Insurance Exchange,* 59 D.&C.2d 44 (Mercer Cty. 1973); and *Schultz v. Mount Vernon Fire Insurance Co.,* 2 D.&C.3d 627 (Lacka. Cty. 1976). We believe that recognition is sound and therefore hold that the insured and the insurance company are both clients of the attorney until such time as a conflict arises.

We further conclude that Randolph is clearly entitled to the entire file of OneBeacon, without any redaction. The rule for years has been that, "if the attorney represented both parties to the transaction, . . . no communications in relation to the common business are privileged in favor or against either, but only against a common adversary," *Tracy v. Tracy,* 377 Pa. 420, 424, 105 A.2d 122, 125 (1954), cited with approval in *Loutzenhiser v. Doddo,* 436 Pa. 512, 260 A.2d 745 (1970).

We cannot necessarily reach the same conclusion with respect to Graziani. Our holding, that OneBeacon was also a client of Attorney Roberts, effectively dismisses Graziani's argument that Burlington no longer exists and therefore there is no longer a client to claim the privilege. Nevertheless, Graziani also contends that an exception makes the privilege inapplicable to her. Graziani cites *Nationwide Mutual Insurance Company v. Fleming,* 924 A.2d 1259 (Pa. Super. 2007), for the proposition that the privilege is lost when advice of counsel is sought in furtherance of the commission of criminal or fraudulent activity. She then points to the allegations in her complaint alleging fraud on the part of OneBeacon.

In addition, the attorney-client privilege exists only to aid in the administration of justice and when it is shown that the interest of justice can only be frustrated by the exercise of the privilege, the court may require the communications be disclosed. *Brennan v. Brennan,* 281 Pa. Super. 362, 422 A.2d 510 (1980). The record in the third-party litigation establishes that OneBeacon secured the opening of the default judgment by arguing on appeal that the judgment against Randolph, Burlington's employee, would be binding upon Burlington because of the doctrine of respondeat superior and therefore place its bankruptcy assets at risk. Thereafter, an answer was filed verified by counsel based upon information given counsel by OneBeacon which denied that Randolph was an employee of Burlington.

It is obvious that one of these two assertions was false and both assertions were made solely for the benefit of OneBeacon. When a party or a participant is not candid with the court, then the administration of justice has been frustrated. Therefore, we conclude that Graziani is en-

titled to discover those communications which may be relevant to the issue of fraud. To determine that matter, it will be necessary to review the correspondence in camera. However, we have neither the time nor the inclination to review as many as 4,000 pages. Consequently, if OneBeacon does not withdraw its privilege claim to a substantial number of the pages, it is our intent to appoint a master to conduct the review in which case, the cost of the master will be assessed against either or both parties, depending upon the results of that review.

## TRIAL PREPARATION MATERIALS

The only limitation on the discovery of trial preparation materials is found in the discovery rules.

"Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party, or by or for that other party's representative, including his or her attorney, consultant, surety, indemnitor, insurer or agent. The discovery shall not include a disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics." Pa.R.C.P. 4003.3.

It has been held that this rule's protections apply only to the litigation of the claims for which the impressions, conclusions, and opinions were made. *Little v. Allstate*

*Insurance Company,* 16 D.&C.3d 110 (Allegheny Cty. 1980); *Mueller v. Nationwide Mutual Insurance Company,* 31 D.&C.4th 23 (Allegheny Cty. 1996). We agree with Judge Wettick's analysis and conclusions and therefore hold that the protection of Rule 4003.3 does not apply to OneBeacon until the present litigation was initiated and that it may apply thereafter. Thus, it will be necessary to review the contents of the claim file after April 7, 2006, the date Graziani and Randolph filed their complaint in this case.

An appropriate order is attached.

## ORDER

The motion of Eric L. Randolph to compel production of the entire claim file of OneBeacon which was compiled in connection with the claim of Tina A. Graziani against Burlington Motor Carriers and Eric L. Randolph is granted. OneBeacon shall provide counsel for Eric L. Randolph with a copy of its entire claim file, unredacted. Counsel for Eric L. Randolph shall not disclose the contents of the claim file to any person or entity until the time of trial, except upon leave of court to do so.

The motion of Tina A. Graziani to compel production of the entire claim file is granted in part. Counsel for OneBeacon shall produce those portions of the claim file to counsel for Graziani which are relevant to her claim of fraud and which were created on or before April 7, 2006. Any portion of the file created prior to April 7, 2006 which is not produced and the entire file created after April 7, 2006 shall be delivered to the court for in camera review. At that time, should the review be determined to be too burdensome, the court will appoint a master for that purpose.