511 A.2d 878

**John A. VOGEL and Betty L. Vogel, his wife, Appellants,**

**v.**

**Douglas W. BERKLEY, Fred S. Shaulis and PBS Coals, Inc.**

Superior Court of Pennsylvania.

Argued April 16, 1986.

Filed July 11, 1986.

292

Robert P. Ging, Jr., Pittsburgh, for appellants.

John J. Dirienzo, Jr., Somerset, for appellees.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

TAMILIA, Judge:

This is an appeal from a pre-trial Order which dismissed with prejudice four of five counts of appellants' complaint and directed the case to trial only on the remaining count.

The facts indicate that appellants owned one piece of land (the home property) and subsequently purchased another property (the Adams' property). In 1976, they entered into separate option/lease agreements with appellees concerning the drilling and exploration for coal on both properties.

In 1977, appellees exercised the option acquiring rights to surface mine coal for five years on the Adams' property. In 1978, appellants, at appellees' request, executed a consent to entry in favor of Sun Coal Company who was to perform the mining activities. Subsequently, appellees entered into an agreement with Howard Will to mine the coal.

Appellants allege that after the mining operation began, they became aware that Will sold coal without paying them their royalties and also left a quantity of coal unrecoverable because of improper mining techniques.

On November 16, 1980, the parties entered into a settlement agreement which stated the circumstances of this dispute and expressed the parties' desire to reach a full and final compromise and settlement of all matters arising out of the facts.

In June 1984, a complaint in trespass was filed. The five counts alleged were: (1) fraudulent inducement to enter into the lease agreement; (2) fraudulent inducement to enter the land; (3) failure to pay royalties; (4) failure to reclaim the site; and (5) conspiracy to defraud and breach the lease.

In new matter, the appellee raised the settlement agreement as a bar to counts 1, 2, 3 and 5. Following a pre-trial conference, the court ruled as a matter of law the release barred the action as to those counts and issued the Order from which this appeal was taken.[1]

Appellants contend the court erred in dismissing the counts on its own motion and also in determining no genuine issue of material fact existed concerning the meaning of

---

[1]. We agree with appellants that the Order is properly appealable under the criteria set forth in *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983). *See also Dash v. Wilap,* 343 Pa.Super. 584, 495 A.2d 950 (1985).

the agreement. They argue that the agreement is ambiguous and should be interpreted to only apply to the specific activities involving Will. They contend that since appellees drafted the agreement, it should be construed against them and finally they maintain it is for the jury to resolve any ambiguities.

The court determined the agreement was not ambiguous and as a matter of law barred four counts of the complaint. The claim regarding reclamation of the land was left because the agreement specifically excluded reclamation from the settlement.

Initially, we address the propriety of the action taken by the court in dismissing four of the five counts in a pre-trial Order. We agree with the court that its action was a proper application of Pa.R.C.P. 212 which provides in pertinent part:

Rule 212. Pre-trial Conference

In any action the court, of its own motion or on motion of any party, may direct the attorney's for the parties to appear for a conference to consider:

(a) The simplification of the issues;

. . . . .

(f) Such other matters as may aid in the disposition of the action.

The court may make an order reciting the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or agreements of the attorneys. Such order when entered shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice.

. . . .

The purpose of a pre-trial conference is to enable the parties to simplify and expedite the trial. *Gill v. McGraw Electric Co.*, 264 Pa.Super. 368, 399 A.2d 1095

(1979). It is appropriate for the pre-trial conference court to decide issues of law based on admitted or undenied facts appearing of record. *See* Goodrich-Amram2d § 212:7.2. Here, the court determined that four of the counts in the complaint should be eliminated. In so doing, the court was properly making a ruling of law concerning the settlement agreement, which was part of the record before the court.

Finding that the action was authorized, our next determination must be whether the legal decision made was correct.

Appellant characterizes the action by the court as the equivalent of a summary judgment. We think it more closely parallels a judgment on the pleadings because the decision was based solely on the pleadings and the settlement agreement which was properly attached.

 A court, in granting judgment on the pleadings, must confine its consideration to the pleadings and relevant documents. *Del Quadro v. City of Philadelphia*, 293 Pa. Super. 173, 437 A.2d 1262 (1981). Judgment is proper only when no material facts are in dispute. *Dudash v. Palmyra Borough Authority*, 335 Pa.Super. 1, 483 A.2d 924 (1984). Courts have found that judgment on the pleadings is appropriate in cases that turn upon the construction of a written agreement. *Gallo v. J.C. Penney Casualty Ins. Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984); *DiAndrea v. Reliance Savings and Loan Association*, 310 Pa.Super. 537, 456 A.2d 1066 (1983).

 In reviewing the court's decision, we must determine if the action of the court was based on a clear error of law or whether there were facts disclosed by the pleading which should properly go to the jury. The decision will be affirmed only in cases which are clear and free from doubt. *Wojciechowski v. Murray*, 345 Pa.Super. 138, 497 A.2d 1342 (1985); *Zelik v. Daily News Pub. Co.*, 288 Pa.Super. 277, 431 A.2d 1046 (1981).

 It is the role of the court to decide whether, as a matter of law, written contract terms are clear or ambigu-

ous. *Metzger v. Clifford Realty Corp.*, 327 Pa.Super. 377, 476 A.2d 1 (1984). In construing a contract, the intention of the parties is the foremost consideration. The court's interpretation must be one which indicates the most reasonable and natural conduct of the parties based upon the intended result of the contract. *Id.*

■ The effect of a release must be determined from its language. The ordinary meaning must be attributed to the language, unless a different meaning was clearly intended. *Wengler v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967); *In re Jones and Laughlin Steel Corp.*, 328 Pa.Super. 442, 477 A.2d 527 (1984).

■ A contract is not ambiguous if the court can determine its meaning with a knowledge of the facts on which its meaning depends. The fact that the parties do not agree upon the proper interpretation does not necessarily render the contract ambiguous. *Metzger, supra.*

■ Viewing the lower court's action under the guidelines set forth above, we find dismissal of the four counts to be proper.

The settlement agreement provided in pertinent part:

SECTION 1: *Purpose of Agreement* This Agreement is made as a compromise between the parties for the complete and final settlement of their claims, differences, and causes of action with respect to the dispute described below.

SECTION 2: *Statement of Dispute* OWNERS entered into an Option/Lease Agreement with Fred S. Shaulis dated November 1, 1976. The Option/Lease Agreement contained rights and duties with regard to the leasing of OWNERS' tract of minerals in Upper Turkeyfoot Township, Somerset County, Pennsylvania, containing approximately 160.0 acres, more or less. Fred S. Shaulis assigned his interest in the Option/Lease Agreement to PBS, which, in turn, entered into an Agreement

for the mining of several tracts, including OWNERS' tract, with Howard D. Will, trading and doing business as Will's Construction, of P.D. 4, Box 275, Somerset, PA 15501. In said Option/Lease Agreement, LESSEE agreed to pay OWNERS a royalty of One and $^{25}/_{100}$ Dollars ($1.25) per net ton of merchantable coal or six persent (6%) of the coal pit realization on all coal mined by strip surface, or auger mining methods for mining where OWNERS owned both the surface and coal rights. In situations where OWNERS owned only the surface, LESSEE was obligated to pay a royalty rate of sixty cents (60) per net ton of merchantable coal or three percent (3%) of the coal pit realization. Under Paragraph 12 of said Lease Agreement, the Agreement was made assignable to any company, corporation, partnership, or other business entity; but in the event of an assignment, LESSEE was to remain liable for the payment of all royalties required to be paid under the Agreement and for the purpose of all terms, covenants, and conditions undertaken by LESSEE under the Agreement. Under Paragraph 16 of the Agreement, LESSEE agreed to conduct mining operations under the Lease with skill and diligence and in accordance with generally accepted practices and principles of mining. In the course of performance by the Assignee's contractor, the said Howard D. Will, OWNERS observed what OWNERS determined to be unskillful mining operations not in accordance with generally accepted practices and principles of mining, resulting in the alleged failure of the said contractor to recover all of the minable and removable coal from said premises. As a result of what OWNERS assert to be operations conducted in violation of the Lease Agreement, OWNERS assert that certain amounts of coal were lost or left in place in the mining operations.

The parties desire to reach a full and final compromise and settlement of all matters arising out of the facts and claims as set forth above.

SECTION 3: *Terms of Settlement* In consideration of the mutual covenants set forth herein, the parties agree as follows:

· · · · ·

2. OWNERS agree that all claims, demands, rights, and causes of action that OWNERS have or may have against PBS or the said Fred S. Shaulis with respect to the above-described dispute are satisfied, discharged, and settled. Notwithstanding the foregoing, OWNERS do not release PBS or Shaulis in any way from the requirements of backfilling and reclamation occasioned by the applicable State law governing such operations. The parties intend to make the said Fred S. Shaulis a third-party beneficiary of this Agreement.

SECTION 4: *Change of Facts* It is understood by OWNERS and PBS that if the facts in respect to which this Agreement is made are hereafter proved to be other than or different from the facts in that connection now known by either of them or believed by either of them to be true, as set out in this Agreement, each of the parties hereto expressly accepts and assumes the risks of the facts proving to be so different; and each of the parties hereto agrees that all the terms of this Agreement shall be in all respects effective and not subject to termination or rescission by any such difference in facts.

. . . .

We agree with the court that by its terms the agreement is not ambiguous where it states that "all claims, demands, rights and causes of action that appellants' have or may have ... with respect to the above described dispute are satisfied, discharged and settled". The sole exception set forth is the claim for reclamation which forms the basis of the count not dismissed by the court.

The court also properly discounted appellants' contention that because the alleged fraud was discovered after the agreement was entered into, it should not apply. Section four of the agreement prohibits such a claim and was relied on by the court in support of its Opinion.

The interpretation of the contract made by the court was certainly reasonable. The ordinary meaning of the words clearly purport to extend the settlement to the entire series of events involving the parties. The counts dismissed di-

300

rectly related to these events and application of the agreement to those claims is dictated by a normal reading of the words in light of the attendant circumstances at the time of the agreement.

Finding no abuse of discretion or error of law on the part of the lower court, the pre-trial Order is affirmed.

Order affirmed.