**Vladimir N. ZDROK**

v.

**Cherie DEUTSCH.**

**Civ. A. No. 87–5693.**

United States District Court,
E.D. Pennsylvania,
Civil Division.

May 2, 1988.

---

---

Alexander Zdrok, Philadelphia, Pa., for plaintiff.

Francis F. Quinn, Matthew D'Annunzio, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This matter is a diversity action arising out of an automobile accident on September 12, 1985. It is before me on MOTION TO DISMISS PLAINTIFF'S COMPLAINT filed by defendant on January 26, 1988. Defendant's motion does not specify whether it is a motion to dismiss under Fed.R. Civ.P. 12 or a motion for summary judgment under Fed.R.Civ.P. 56. Because defendant has raised matter not in the pleadings, and has supported her allegations with affidavits and exhibits, I will treat this as a motion for summary judgment.

Fed.R.Civ.P. 56(c) instructs a court to enter summary judgment when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule provides the court with a useful tool when the critical facts are undisputed, facilitating the resolution of a pending controversy without the expense and delay of conducting a trial made unnecessary by the absence of factual dispute. *Peterson v. Lehigh Valley Dist. Council,* 676 F.2d 81, 84 (3d Cir.1982); *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d

---

Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Summary judgment is inappropriate, however, where the evidence before the court reveals a genuine factual disagreement requiring submission to a jury. An issue is "genuine" only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* 106 S.Ct. at 2511. However, if the evidence is merely "colorable" or is "not significantly probative", summary judgment may be granted. *Id.*

In a summary judgment action, the moving party bears the initial burden of identifying for the court those portions of the record which it believes demonstrate the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Following such a showing in a case where the non-moving party is the plaintiff and therefore bears the burden of proof, it must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Id.*, 106 S.Ct. at 2552–53; *Anderson, supra*, 106 S.Ct. 2514; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R. Civ.P. 56(e).

As the court said at page 694–695 in *Childers v. Power Line Equipment Rentals, Inc.*, 842 F.2d 689 (3d Cir.1988):

"Where a party opposing a motion for summary judgment has the burden of persuasion, and the moving party has identified sufficient facts of record to demonstrate that no genuine issue of material fact remains, the nonmoving party is obliged to identify those facts of record which would contradict the facts identified by the movant. *See First Nat'l. Bank of Pa. v. Lincoln Nat'l. Life Ins. Co.*, 824 F.2d 277, 282 (3d Cir.1987) (nonmoving party with burden of persua-

sion may not rest on mere denials to withstand motion for summary judgment); *Equimark* [*Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp.*], 812 F.2d [141] at 144 [(3d Cir.1987)] (nonmoving party with burden of persuasion must make showing of record evidence sufficient to withstand motion for summary judgment); *see also Celotex*, 477 U.S. at [322], 106 S.Ct. at 2552–53; Fed.R.Civ.P. 56(e).

We realize that the rule of law announced here can be interpreted as an extension of *Celotex*. We believe, however, that allowing a nonmoving party opposing a motion for summary judgment to rest on mere denials where there are unidentified facts of record which may contradict the facts identified by the movant would be an unworkable and illogical rule. It would require the district judge to search through an often voluminous written record for facts which might support the nonmovant's claim, and would require this Court to review the district judge's search to insure that no facts were missed. It would permit the party to present facts, and argument based on those facts, to the Court of Appeals where that party had not identified those facts to the district court. We also believe that any other holding would misread the requirement of Rule 56(e) that the nonmoving party 'set forth specific facts showing that there is a genuine issue for trial.' Fed.R.Civ.P. 56(e)."

In making its ruling on a summary judgment motion, the court must view all inferences in a light most favorable to the nonmoving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982), must resolve all doubts against the moving party, *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985), and must take as true all allegations of the non-moving party that conflict with those of the movant, *Anderson, supra*, 106 S.Ct. at 2513.

The defendant in her motion to dismiss has raised a release dated September 8, 1987, signed by plaintiff, which was accompanied by a settlement letter dated September 8, 1987, signed by plaintiff's counsel who, judging by a letterhead, is the plaintiff's law partner, and a settlement check dated September 18, 1987, in the amount of $12,500, which was endorsed by plaintiff and his counsel, for Zdrok & Zdrok, and deposited on September 21, 1987. The question of the settlement and any possible defenses to it are not raised in the complaint, even though the date of the settlement, September 8, 1987, preceded the filing of the complaint on September 11, 1987, one day before the statute of limitation would have run on the action. Plaintiff claims that the settlement was contingent upon his receiving a copy of defendant's insurance policy and limits on coverage. If plaintiff had any reservations about the settlement, he should have stated them in writing, but did not do so. The release, which was the basis for issuance of the settlement check, was on a form apparently furnished by the plaintiff, in that it was on a form printed by John C. Clark, 1326 Walnut St., Phila., not what one would expect from an insurance company located in Woodbury, New York. It was issued by an attorney (the plaintiff) on the advice of counsel. Neither the release or the letter from plaintiff's counsel indicate any reservations about the circumstances of the release, or any demand for supporting or corroborating information.

The complaint does not allege any fraud or mistake. It was not until defendant raised the issue of the release in her MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE A RESPONSIVE PLEADING, filed December 24, 1987, that the issue of the release arose, and it was not until PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION FOR EXTENSION OF TIME, filed December 29, 1987, that the issue of misrepresentation arose. Defendant's motion for extension of time raises what was the probable reason for filing the complaint on September 11, 1987, namely the need to toll the statute of limitation pending receipt of the settlement check. There was a subsequent dispute between the parties based on plaintiff's desire to recover the costs of filing, which are alleged to total $650.00, (later allegedly reduced to a demand for $400.00), as well as plaintiff's demand for a copy of the insurance policy setting forth the policy limits of defendant's automobile insurance policy.

Defendant's motion for extension of time to file a responsive pleading was granted, and instead of an answer, defendant filed the motion to dismiss. Following the filing of defendant's motion, plaintiff dropped his demand for the costs of filing his action. Instead, he took the position that defendant is estopped by fraud and misrepresentation from setting up the affirmative defense of the settlement. This claim is based upon unsupported allegations that there are higher insurance limits covering the vehicle than those which were disclosed or that there are other insurance policies in effect. To meet that contention and comply with the court's discovery order (Ditter, J.) of February 18, 1988, defendant has supplied the following evidence that defendant was indeed the owner of the car in question and that the bodily injury limit of defendant's insurance policy was $15,000 on the date of the accident:

(1) As an exhibit to defendant's motion to dismiss (filed February 4, 1988), she provided an affidavit of John G. Franzitta, Senior Underwriter of Government Employees Insurance Company (GEICO) stating that the bodily injury limits of defendant's policy were 15,000/30,000 at the time of the accident.

(2) On February 4, 1988, defendant filed an affidavit, with exhibits, by Sally Beck, the GEICO claims examiner who handled plaintiff's claim, setting forth her version of the settlement agreement. She states that she truthfully told plaintiff that the liability limit of defendant's policy was $15,000.

(3) On March 31, 1988, defendant filed a memorandum of law in support of her motion to dismiss. Supporting that memorandum had another affidavit of John G. Franzitta, with exhibits setting

forth and explaining the GEICO records concerning defendant's policy and its limits. There is also an affidavit from defendant attesting her ownership of the car in question.

Neither defendant nor GEICO has a copy of the actual insurance policy. Plaintiff has offered nothing to counter defendant's evidence except allegation and innuendo unsupported by any fact. Nor did plaintiff advance any new theories at oral argument on April 21, 1988.

Based on this record, I find that, while raised on a motion to dismiss instead of an answer, the release is a complete defense to this action, and that therefore there is no cause of action by the plaintiff against the defendant arising out of the automobile accident between their cars on Matson Ford Road near Old Gulph Road as alleged in the complaint.

Although plaintiff's persistence in arguing a clearly unfounded claim has gone beyond the usual limits of good faith, we will not at this point apply sanctions under Fed.R.Civ.P. 11.

An appropriate order follows.

### ORDER

AND NOW, this 2nd day of May, 1988, upon consideration of MOTION TO DISMISS PLAINTIFF'S COMPLAINT filed by defendant on January 26, 1988, plaintiff's answer thereto, related pleadings and documents, and after a hearing, it is ORDERED that:

1. Summary Judgment is entered in favor of defendant.