635 A.2d 1056

**REPUBLIC INSURANCE COMPANY, Appellant**

v.

**The PAUL DAVIS SYSTEMS OF PITTSBURGH SOUTH, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1993.

Filed Nov. 30, 1993.

Reargument Denied Feb. 4, 1994.

Frank R. Fleming, III, Pittsburgh, for appellant.

Scott T. Redman, Pittsburgh, for appellee.

Before CAVANAUGH, KELLY and BROSKY, JJ.

OPINION BY CAVANAUGH, Judge.

Republic Insurance Company appeals from the grant of summary judgment against it and in favor of Paul Davis Systems of Pittsburgh South, Inc. Summary judgment was entered by the trial court when it concluded that a release

executed by Republic's subrogors, Rhett and Regina McPeake in other litigation was of such a general nature as to bar any further cause of action by the McPeakes or their subrogee, Republic, against another party.

The parties' respective interests arose as a result of the fact that Republic insured the McPeake residence. Because of a storm on May 23, 1988, the McPeake's property suffered storm damage. Paul Davis was hired to repair the damage and the roof was removed. There was another storm on June 8, 1988 and more damage was sustained by the McPeakes. Republic voluntarily paid a sum of money to the McPeakes under its homeowner's insurance responsibilities. Later, the McPeakes claimed additional unreimbursed losses and sued Republic for more money. Republic settled the claim for an additional payment of $5,000. and took in exchange the release presently under scrutiny.

Republic then asserted its subrogation interest against Paul Davis in the present action claiming, *inter alia,* that Davis' negligence was the cause of some or all of the losses incurred by the McPeakes and, in turn, reimbursed to them by Republic. Paul Davis interposed the release executed by the McPeakes in favor of Republic as a defense asserting that it was a general release and as such inured to the benefit of Davis. This was the basis of the summary judgment granted by the trial court against Republic.

■ Several basic principles of law are not in dispute: 1) the rights of a subrogee (Republic) rise no higher than the rights of its subrogors (McPeakes) and the subrogee is subject to all the defenses which could have been raised against the subrogor and, 2) the release executed in this case is clear, unambiguous and general in its terms.

■ In Pennsylvania, the effect of a release is determined by its language which must be interpreted according to its ordinary meaning. *Brosius v. Lewisburg Craft Fair,* 383 Pa.Super. 454, 557 A.2d 27 (1989), appeal denied, 524 Pa. 624, 574 A.2d 66 (1990); *Vogel v. Berkley,* 354 Pa.Super. 291, 511 A.2d 878 (1986). Since the present release unambiguously

releases "all persons" from "all actions", it would initially appear that the trial court was obviously correct in concluding that the release was an effective bar to Republic's action. However, appellant relies on two cases in this court for its argument that the releases do not exclude Republic's claim: *Sparler v. Fireman's Insurance Co.*, 360 Pa.Super. 597, 521 A.2d 433 (1987), appeal denied, 518 Pa. 613, 540 A.2d 535 (1988) and *Farrell v. Lechmanik, Inc.*, 417 Pa.Super. 172, 611 A.2d 1322 (1992). In these cases this court carved out an exception to the all encompassing effect given to general releases. In *Sparler*, a general release given to an alleged tortfeasor was held to be ineffective against an insured's claim against his own insurance company for underinsured motorist benefits. The majority of our court (en banc) drew a distinction between *tort* liability (the other driver) and *contract* liability (the underinsurance carrier) and concluded that a release of the former did not release the latter. *Farrell*, on the other hand, was an indemnity case which implicated the enforcement of a release. The court, relying on *Sparler*, held that a release given in a wrongful discharge action did not operate to be effective as a release and indemnity agreement in a personal injury tort action. The conclusion we might draw from these cases is that: despite the general terms of a release, it is not effective to bar a suit for a different cause of action (contract-tort) when it was given for a separate cause of action (tort-wrongful discharge). We thus hold (following the teaching of *Sparler/Farrell*), that although the terms of a general release may be broadly interpreted even to include unnamed parties,[1] it may only serve to release those persons who might reasonably be considered to be within the ambit of responsibility under the asserted and released cause of action. The release given here was for a discrete contract claim (homeowner's insurance) whereas the court enforced it as to a tort claim.

1. See e.g. *Zdrok v. Deutsch*, 684 F.Supp. 129 (E.D.Pa.1988); *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 561 A.2d 733 (1989); *Hasselrode v. Gnagey*, 404 Pa. 549, 172 A.2d 764 (1961); *Mayer v. Knopf*, 396 Pa. 312, 152 A.2d 482 (1959).

Recognizing, as we must, the authority of *Sparler* and *Farrell,* we conclude that the trial court erred in finding the release to be a bar to Republic's claim against Paul Davis.

Summary judgment vacated. Remanded for further proceedings.

Jurisdiction relinquished.