679 A.2d 831

Mildred GAMBLER, Appellant,

v.

Scott L. HUYETT, Administrator for the Estate of Lance A. Williams, and Deborah L. Palmer and Fleet Mortgage Corp., Terre Tenant, Appellees.

FLEET MORTGAGE CORP., Appellee,

v.

Lance A. WILLIAMS, Unmarried, and Deborah L. Palmer, Unmarried, and Mildred Gambler and Scott L. Huyett, Administrator for the Estate of Lance A. Williams, Appellees.

Appeal of Mildred GAMBLER.

Superior Court of Pennsylvania.

Argued April 11, 1996.

Filed July 31, 1996.

John A. Fielding, III, Reading, for Mildred Gambler.

Nicholas J. Scafidi, Philadelphia, for Fleet Mortgage Corp., appellee.

Before CIRILLO, President Judge Emeritus, BECK, J., and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Plaintiff/appellant, Mildred Gambler, appeals from two orders entered in the Court of Common Pleas of Berks County.[1] The first order granted appellee Fleet Mortgage Corporation's motion for judgment on the pleadings. The second order granted Fleet's motion to set aside a sheriff's sale. We affirm.

Briefly, this case involves two parties vying for priority liens on real property located in Reading. The parties are Mildred Gambler, a plaintiff who recovered a default judgment in a personal injury action against the now deceased owner of the property, and Fleet Mortgage, which recovered a default

[1]. These appeals have been consolidated pursuant to Pa.R.A.P. 513.

judgment in a mortgage foreclosure action on the property. Gambler's damages judgment was not recorded until after Fleet Mortgage recovered its default judgment on the mortgage. Gambler's damages judgment, however, was recorded *prior to* the sheriff's sale. Fleet neglected to notify Gambler of the impending sale in violation of Pa.R.C.P. 3129.1; however, the trial court set aside the sheriff's sale and ordered the sale rescheduled with specific notice to Gambler. Despite the fact that the order places Gambler in the same position as before the original sale, Gambler has appealed the order setting aside the sale, as well as the order granting Fleet judgment on the pleadings.

Mildred Gambler initiated an underlying action in this case against Lance A. Williams, seeking damages for personal injuries sustained in an automobile accident. In that action, the court entered a default judgment against Williams on the issue of liability. That judgment was entered on October 28, 1992. Damages were to be determined at a later date by the Board of Arbitrators.

On November 16, 1992, three weeks after the entry of Gambler's default judgment, Fleet Mortgage Corporation commenced a mortgage foreclosure action against Williams and Deborah A. Palmer. Williams and Palmer were co-owners of the property located at 411 Birch Street in Reading, Pennsylvania, holding as joint tenants with the right of survivorship. On April 21, 1993, Fleet entered a default judgment against Williams and Palmer. On that same date, Fleet filed a praecipe for a writ of execution without Pa.R.C.P. 3129.1 [2]

2. Rule 3129.1 provides in relevant part:

**RULE 3129.1 SALE OF REAL PROPERTY. NOTICE. AFFIDAVIT.**

(a) No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served.

(b) The affidavit shall set forth to the best of the affiant's knowledge or information and belief **as of the date of the praecipe for the writ of execution** was filed the name and address or whereabouts of

(1) the owner or reputed owner of the real property and of the defendant in the judgment; and

(2) every other person who has a record lien on that property; and

notice to Gambler. Thereafter, Williams died. Scott L. Huyett, Esquire, administrator of Williams' estate, was substituted in the Gambler action.

On June 18, 1993, the Board of Arbitrators awarded Gambler $7,500.00 in damages. The award was reduced to judgment on July 1, 1993.[3] Eight days later, on July 9, 1993, pursuant to the writ of execution, Fleet purchased the property at a sheriff's sale for $840.38.

Gambler filed a praecipe for the issuance of a writ of revival of (adverse) judgment against Huyett, as Administrator of Williams' estate, Palmer, and Fleet Mortgage, as terre tenant. In so doing, Gambler sought to have the liability judgment "revived" as a priority lien against the real property, which property, at that point, was titled in Fleet's name due to the mortgage foreclosure and sheriff's sale.

The writ of revival was served upon Huyett, Palmer and Fleet Mortgage.[4] The prothonotary indexed the writ in the judgment docket against Williams, Palmer and Fleet Mortgage. Fleet filed an answer to the writ with new matter, objecting to the prothonotary's indexing of the writ on the docket. Gambler filed a reply.

> (3) every other person who has any record interest in that property which may be affected by the sale; and
> (4) every other person who has any interest in that property not of record which may be affected by the sale and of which the plaintiff has knowledge.
>
> * * * * * *
>
> Pa.R.C.P. 3129.1 (emphasis added).

3. Gambler recorded the judgment against appellee Scott L. Huyett, Esquire, since Huyett had been appointed as Administrator of Williams' estate. On August 3, 1993, on motion filed by Gambler, and in order to allow her to execute on the real property, the court issued a rule upon both Huyett and Palmer to show cause why the caption of the underlying action should not be amended to formally substitute Huyett as a party defendant in place of Williams, and to add Palmer as a party defendant. Inasmuch as neither Huyett nor Palmer responded, the court granted Gambler's motion.

4. Gambler failed to timely serve the writ upon Fleet. Accordingly, Gambler caused the writ to be reissued on November 5, 1993 and subsequently served it upon Fleet on November 23, 1993.

On March 29, 1994, Fleet Mortgage filed a motion for judgment on the pleadings with a supporting brief which contained affirmative defenses not included in its new matter. Gambler filed a brief in support of the writ of revival, answering the affirmative defenses not raised in new matter.

Gambler then filed a praecipe for oral argument asking the trial court to determine that her "lien" had priority over the lien created by Fleet's default judgment. The trial court heard argument. The court denied Gambler's request, finding that the matter was not ripe for decision because it was still at the pleading stage, and noting that Fleet's motion for judgment on the pleadings remained pending. Gambler appealed that order to this court. We quashed the appeal. *Gambler v. Huyett, et al.*, 1727 Phila.1994, filed March 22, 1995, 442 Pa.Super. 684, 660 A.2d 660 (J. A08018/95, memorandum decision).

Thereafter, argument was held on Fleet's motion for judgment on the pleadings. The Honorable Albert A. Stallone entered an order granting Fleet's motion for judgment on the pleadings and dismissing Gambler's writ of revival. Gambler appealed, and now raises the following claims:

1. Did the trial court erroneously grant appellee Fleet Mortgage Corporation's motion for judgment on the pleadings since there was a disputed issue of material fact appearing on the pleadings?

2. Did the trial court err by granting appellee Fleet Mortgage Corporation's motion for judgment on the pleadings since appellant Mildred Gambler was not notified of Fleet Mortgage Corporation's sheriff's sale pursuant to Pa.R.C.P. 3129.1 and 3129.2, she possessed an interest in real property affected by the sheriff's sale, and she eventually possessed a lien that should have continued undischarged on the property due to the lack of notice?

Gambler's claim in her appeal from the trial court's order setting aside the sheriff's sale and ordering reissuance of the writ of execution and specifying notice of the sale to counsel for Gambler, is framed as follows:

Is the issuance of an order setting aside a sheriff's sale an improper remedy for Fleet Mortgage Corporation's failure to notify appellant Mildred Gambler of the July 9, 1993 sheriff's sale affecting her interest in real property in accordance with Pa.R.C.P. 3129.1 and 3129.2?

In reviewing a trial court's decision granting a motion for judgment on the pleadings, the appellate court's scope of review is plenary; the appellate court will apply the same standard employed by the trial court, confining its consideration to the pleadings and relevant documents. *Jones v. Travelers Insurance Co.*, 356 Pa.Super. 213, 215–17, 514 A.2d 576, 578 (1986); *Vogel v. Berkley*, 354 Pa.Super. 291, 295–97, 511 A.2d 878, 880 (1986). The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. The court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise. *Jones, supra; Vogel, supra.*

We note initially that Gambler's first issue on appeal is not appropriate on review of an order granting a motion for judgment on the pleadings. Claims regarding disputed issues of material fact are relevant to a summary judgment challenge. *See* Pa.R.C.P. 1035(b). *See also Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). In reviewing a challenge to judgment on the pleadings, we accept the opposing party's well pleaded facts. Thus, Gambler's claim that the facts are disputed exceeds the objective of her argument. We, then, move on to review the propriety of the court's order granting Fleet's motion for judgment on the pleadings.

In support of its order granting Fleet's motion, the trial court stated the following reasons on the record:

1. The pleadings reveal that the only judgment in favor of Gambler at the time Fleet filed its praecipe for the writ of

execution on the mortgage foreclosure action, was a judgment establishing general liability and not a judgment for the payment of money;

2. Under section 4303(a) of the Judicial Code, 42 Pa.C.S.A. § 4303(a), **only judgments or other orders of court for the payment of money** are liens on real property; and

3. Gambler's general liability judgment, therefore, was not a lien on the real property in question prior to the mortgage foreclosure lien placed on the real property by Fleet.

A brief chronology of the relevant events will aid in our review:

October 28, 1992—Default judgment in favor of Gambler's personal injury action against Williams (general liability—no determination of damages as of this date)

April 21, 1993—Fleet Mortgage's default judgment on the mortgage foreclosure action recorded;

Praecipe for writ of execution

July 1, 1993—Gambler's arbitration award (damages) reduced to judgment

July 9, 1993—Sheriff's sale (property purchased by Fleet)

Gambler argues that Fleet's failure to notify her of the impending sheriff's sale entitled her to have her October 28, 1992 judgment entered as a priority lien against the property.[5] Gambler contends that this general liability judgment served as "constructive notice" to Fleet of her interest in the property under 42 Pa.C.S.A. § 4302. She maintains that since Fleet failed to prove that it notified her in writing in accordance with Pa.R.C.P. 3129.1, that Fleet took title subject to her July 1, 1993 damage judgment.

**5.** As indicated above, Fleet Mortgage sought redress by filing a petition to set aside the sheriff's sale. The court granted this request and specified that Fleet notify Gambler's attorney of the reissuance of the writ of execution and resale of the property. Gambler maintains in the appeal from that order that this did not remedy the wrong for which she sought relief, that is, Fleet's failure to notify her of the impending sheriff's sale. It appears that the court's order would place Gambler in the same situation had she been given original notice as required by Pa.R.C.P. 3129.1. We, therefore, are unable to discern the import of Gambler's claim.

Accepting Gambler's well pleaded facts as true, we find that the trial court correctly concluded that Fleet's right to prevail is clear. First, without passing on the question of whether Gambler's liability judgment was a "document affecting title to or any other interest in real property" and, therefore, whether Fleet was required to comply with the sheriff sale notification rules in light of the fact that Gambler's judgment was not a money judgment, *see* Pa.R.C.P. 3129.1 and 42 Pa.C.S.A. § 4302(a),[6] we find that the court's order in the related appeal, which set aside and rescheduled the sale, has countered the prejudice caused by Fleet's neglect.

Additionally, Gambler's damages judgment was entered *after* Fleet's default judgment on the mortgage foreclosure action. Even though Gambler recovered a default judgment on liability *prior to* Fleet's recovery default judgment on foreclosure, that judgment, though possibly requiring notice of a sheriff sale, was not necessarily a lien on the real property.

Section 4303 of the Judicial Code provides in part:

**(a) Real property.**—**Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property** on the conditions, to the extent and with the priority provided by statute or prescribed by General Rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) **when it is entered of record** in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

6. Section 4302(a) of the Judicial Code provides:

(a) **Real property.**—Except as otherwise provided by statute or prescribed by general rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process), **every document affecting title to or any other interest in real property** which is filed and indexed in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county in the manner required by the laws, procedures or standards in effect at the date of such filing **shall be constructive notice to all persons of the filing and full contents of such document.**

42 Pa.C.S.A. § 4302(a).

42 Pa.C.S.A. § 4303(a) (As amended 1982, Dec. 20, P.L. 1409, No. 326, art. II, § 201, imd. effective) (emphasis added). Additionally, subsection (b) of section 4303 provides:

> **(b) Order of court as lien.**—Any other order of a court of common pleas shall be a lien upon real and personal property situated within any county embraced within the judicial district on the conditions, to the extent and with the priority provided by statute or prescribed by general rule adopted pursuant to section 1722(b).[7]

42 Pa.C.S.A. § 4303(b).

 Here, Gambler's arbitration award was not reduced to a judgment for the payment of money until July 1, 1993, two and one-half months after Fleet had obtained a default judgment in the mortgage foreclosure action and had filed a praecipe for a writ of execution. Thus, Gambler did not have an enforceable lien on the property at the time Fleet petitioned for writ of execution. *Cf. Federal Land Bank of Baltimore v. Sustrik*, 367 Pa.Super. 582, 533 A.2d 169 (1987) (judgment entered and filed but not indexed by prothonotary as money judgment until after subsequent judgment was secured and indexed prior in time was to be accorded secondary status for distribution purposes of money generated from sale of property against which competing judgments were issued; holder of second judgment could not be on notice of existence of judgment order which was not docketed).

With respect to the issue raised in the appeal from the order setting aside the sheriff's sale, the question is whether the court's order setting aside the sale and ordering rescheduling with notice to Gambler, appropriately remedied the lack of notice of the sale. Gambler contends that the appropriate remedy is imposition of a "lien" of $7,500.00 upon the premises now owned by Fleet.

Pennsylvania Rule of Civil Procedure 3132 provides:

> Upon petition of any party in interest before delivery of the personal property or of the Sheriff's deed to real property,

---

**7.** Section 1722(b) of the Judicial Code pertains to the enforcement and effect of orders and process.

the Court may, upon proper cause shown, set aside the sale and order a resale as any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

The question, then, is whether the liability judgment, which was entered prior to the date Fleet praeciped for writ of execution, falls within the definitions in Pa.R.C.P. 3129.1, that is, "a record interest in that property which may be affected by the sale" or an "interest in that property not of record which may be affected by the sale and of which the plaintiff has knowledge." Pa.R.C.P. 3129.1(b)(3) and (4). We find that it does. The order, however, setting aside the sale and ordering reissuance of the writ, has, as stated above, countered any prejudice. Gambler will, upon rescheduling of the sheriff's sale, be notified in accordance with the rules of court and her interest, if any, will be protected.

Affirmed.

BECK, J., files a concurring opinion.

BECK, Judge, concurring:

I cannot agree with the analysis employed by the majority. Gambler's lien was discharged by the sheriff's sale of the property triggered by the action of the prior lien-holder Fleet Mortgage Corporation's ("Fleet"). However, I must agree that the trial court's order rescheduling the sale of the property should not be disturbed given the procedural posture of this case.

In determining the relative priority of Fleet's and Gambler's liens, we must look to the dates that the mortgage was recorded and the dates that Gambler's judgments were entered. *See* 42 Pa.C.S. § 8141 (Purdons 1982) ("Time from which liens have priority"). On March 17, 1989, the original mortgage in question was recorded. Three days later on March 20, 1989, the mortgage was assigned to Fleet. On July 10, 1989, the assignment was recorded. Neither Gambler's default judgment on liability, entered more than three years later in October, 1992, nor the award of damages, rendered

nearly four years later in June, 1993, can possibly be found to have created a lien with priority over Fleet's mortgage lien under the terms of the applicable statute. As a general rule, liens and encumbrances on the property sold, even those prior to the execution creditor, are discharged as a result of the sale. *Liss v. Medary Homes, Inc.*, 388 Pa. 139, 130 A.2d 137 (1957). It is thus clear that Gambler's judgment lien on the property was discharged by the sheriff's sale.

With respect to Gambler's claim that her lien should be revived as a remedy for Fleet's failure to give her notice of the sheriff's sale, I would note merely that she has failed to provide any authority for her position that such a remedy exists and that my research has disclosed no such authority. Accordingly, I would conclude that the trial court did not err in refusing to grant the relief requested.

Fleet argues that Gambler was not entitled to notice of the sale, and I am inclined to agree. Fleet praeciped for the writ of execution on the property on April 21, 1993. At that time, although the default judgment in Gambler's favor on liability had been entered, it had not been liquidated to an award of damages, nor had it been entered in the judgment index. Accordingly, at the time of execution, Gambler did not have a record interest in the property, *see* 42 Pa.C.S. § 4302(a); Pa.R.C.P. 3129.1(b)(3), nor is there any indication that Fleet had knowledge of any "interest not of record," *see* Pa.R.C.P. 3129.1(b)(4), that might have been created by the existence of the default judgment on liability only. Under Pa.R.C.P. 3129.1 ("Sale of Real Property. Notice. Affidavit"), Fleet thus had no duty to provide notice to Gambler at the time that the writ of execution was filed. Nor can I conclude that such a duty arose when Gambler's judgment was indexed *after* issuance of the writ. I would thus be inclined to hold that the original sheriff's sale of the property should stand. However, Fleet did not appeal the order setting aside and rescheduling the sale; indeed, it was at Fleet's suggestion that the rescheduling occurred. As a result, the trial court's order may not be disturbed.

I find appellant's arguments ill-founded and confusing and I find that the majority in responding has obfuscated the law. I would affirm the trial court's orders for the reasons stated above.