PUBLIC SERVICE MUTUAL INSURANCE COMPANY, as Subrogee of Plaza Place Condominium Assoc., Appellant,

v.

Sherry KIDDER–FRIEDMAN and Anatoly Kidder, Appellees,

v.

Chattam Manufacturer, Sears Roebuck & Co.

Superior Court of Pennsylvania.

Submitted Aug. 16, 1999.

Filed Dec. 15, 1999.

Jonathan D. Herbst, Philadelphia, for appellant.

William P. Marshall, Lansdale, for appellees.

Before DEL SOLE, HUDOCK and HESTER, JJ.

HUDOCK, J.:

¶ 1 Public Service Mutual Insurance Company (PSMI), as subrogee of Plaza Place Condominium Association (Plaza Place), appeals from the order of the trial court that granted judgment on the pleadings in favor of Sherry Kidder–Friedman and Anatoly Kidder (the Kidders).[1] We affirm.

¶ 2 The pertinent facts and procedural history may be summarized as follows: On February 20, 1994, a fire occurred in the Kidders' unit at Plaza Place. Plaza Place is a condominium association whose members consist of the condominium unit owners, including the Kidders. The fire spread from the Kidders' unit to the adjacent commonly owned areas of the condominium causing damages in excess of $64,-000.00. PSMI is the insurance carrier for Plaza Place. On October 27, 1997, PSMI filed suit against the Kidders alleging that the fire was the result of the Kidders'

---

1. Chattam Manufacturer and Sears, Roebuck & Co. were joined as third party defendants and are not involved in the present appeal.

negligence or carelessness in allowing a defective electric blanket to catch fire. The complaint further stated that the Kidders were contractually bound by the condominium by-laws. Referencing the following by-law provision, PSMI claimed that the Kidders were responsible for the aforementioned damages to the commonly owned areas:

## ARTICLE VI

### COMPLIANCE AND DEFAULT

6.1 *Relief.* Each Unit Owner shall be governed by, and shall comply with, all terms of the Declaration, these By-laws, the Rules and Regulations and the Act, as any of the same may be amended from time to time. In addition to the remedies provided in the Act and the Declaration, a default by a Unit Owner shall entitle the Association, acting through its Executive Board or through the Managing Agent, to the following relief:

(a) *Additional Liability.* Each Unit Owner shall be liable for the expense of all maintenance, repair or replacement rendered necessary by his act, neglect or carelessness or the act, neglect or carelessness of his tenants, guests, invitees or licensees, but only to the extent that such expense is not covered by the proceeds of insurance carried by the Executive Board. Such liability shall include any increase in casualty insurance premiums occasioned by improper use, misuse, occupancy or abandonment of any Unit or its appurtenances. Nothing contained herein, however, shall be construed as modifying any waiver by any insurance company of its rights of subrogation.

¶ 3 After the completion of discovery, the Kidders filed a motion for judgment on the pleadings on the basis that PSMI's cause of action sounded in tort and was barred by the two-year statute of limitations found at 42 Pa.C.S.A. section 5524(7). PSMI opposed the motion by contending that it filed a contract action and, therefore, the four-year statute of limitations found at 42 Pa.C.S.A. section 5525(8) was applicable. By order dated December 3, 1998, the trial court granted the Kidders' motion and entered judgment against PSMI. This appeal followed.

¶ 4 As this Court has stated:

In reviewing a trial court's decision granting a motion for judgment on the pleadings, the appellate court's scope of review is plenary; the appellate court will apply the same standard employed by the trial court, confining its consideration to the pleadings and relevant documents. *Jones v. Travelers Insurance Co.*, 356 Pa.Super. 213, 215–17, 514 A.2d 576, 578 (1986); *Vogel v. Berkley*, 354 Pa.Super. 291, 295–97, 511 A.2d 878, 880 (1986). The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. The court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise. *Jones, supra* ; *Vogel, supra.*

*Gambler v. Huyett*, 451 Pa.Super. 351, 679 A.2d 831, 833–34 (1996).

¶ 5 As noted above, the trial court held, as a matter of law, that the action filed by PSMI was an action in negligence and was time-barred. Referencing the pertinent provision of the condominium's by-laws, the court ruled that that provision did no more than give PSMI "standing to seek recovery for the negligence of any of the condominium owners who are parties to the by-laws." Trial Court Opinion, 12/3/98.

¶ 6 On appeal, PSMI conversely contends that section 6.1(a) of the by-laws is more than a clause providing standing for PSMI to pursue a subrogation claim against the Kidders. Rather, it asserts that section 6.1(a) is a promise by the Kidders to pay Plaza Place for damages caused by their acts regardless of fault. PSMI thus maintains that when the Kidders refused to pay PSMI's expenditures to Plaza Place for the damage sustained to the common areas of Plaza Place, caused by the alleged defective electric blanket, the Kidders breached their contract with Plaza Place. Accordingly, PSMI argues that because the basis of the action is a breach of contract and it is subrogee of Plaza Place, its action against the Kidders should be governed by the four-year statute of limitations for contract actions, instead of the two-year statute of limitations for tort actions, as the trial court concluded.

¶ 7 Subrogation is the " 'substitution of one [entity] in the place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies or securities.' " *Molitoris v. Woods*, 422 Pa.Super. 1, 618 A.2d 985, 989 (1992) (quoting BLACK'S LAW DICTIONARY 1279 (5 TH ed.1979)). A panel of this Court in *Daley–Sand v. West American Ins. Co.*, 387 Pa.Super. 630, 564 A.2d 965, 969 (1989), explained the principle of subrogation as follows:

> When an insurer pays a claim under a policy, it is actually paying the debt of the tortfeasor. The insurer is only secondarily liable; it is the tortfeasor who is primarily liable. Once the insurer has paid a claim to the insured, it may then stand in the shoes of the insured and assert the insured's rights against the tortfeasor. The right to stand in the insured's shoes and to collect from the tortfeasor once it has paid the insured an amount representing the tortfeasor's

debt is called the insurer's right to subrogation.

*Id.* at 969. The equitable doctrine of subrogation, thus, places the subrogee in the precise position of the one to whose rights and disabilities he is subrogated. *Allstate Ins. Co. v. Clarke*, 364 Pa.Super. 196, 527 A.2d 1021, 1024 (1987).

> Hence, when an individual who has been indemnified for a loss subsequently recovers for the same loss from a third party, equity compels that the indemnifying party be restored that which he paid the injured party[.] ... However, as the subrogee stands in the precise position of the subrogor the subrogee should be limited to recovering in subrogation the amount received by the subrogor *relative* to the claim paid by the subrogee, for equity will not allow the subrogee's claim to be placed ahead of the subrogor's.

*Id.* Moreover, the subrogee is subject to all defenses that can be raised against the subrogor. *Republic Ins. Co. v. Paul Davis Systems of Pittsburgh South, Inc.*, 431 Pa.Super. 30, 635 A.2d 1056, 1057 (1993), *reversed on other grounds*, 543 Pa. 186, 670 A.2d 614 (1995).

¶ 8 Although the obligations between Plaza Place and the Kidders regarding damage by them to the Association property is defined by the condominium by-laws, the remedy available to PSMI to recover their expenditures does not fall within the parameters of the contract. Section 6.1(a) of the condominium by-laws provides a remedy for Plaza Place against members of its association for damages to the property that **exceed** the amount paid by its insurer. PSMI's complaint, which alleges tortious conduct on the part of the Kidders, however, seeks recovery of the monies which it expended. Because PSMI can only recover what Plaza Place could recover relative to the claim paid by PSMI as subrogee, section 6.1(a) of the by-laws, to the extent that it discusses the right of Plaza Place to recover damages in excess of what its insurer pays, is not applicable

to, nor does it provide a basis for recovery by, PMSI. *See Allstate Ins. Co., supra.* The second part of section 6.1(a) which provides, "Nothing contained herein, however, shall be construed as modifying any waiver by any insurance company of its rights of subrogation," merely addresses how the contractual rights of Plaza Place, outlined in section 6.1(a), affect the existing subrogation rights of its insurer, PSMI. As PSMI's suit is not specifically provided for by the by-laws of Plaza Place, PSMI is bound by the two-year statute of limitations for tort claims. *See* 42 Pa. C.S.A. § 5524; *Hagans v. Constitution State Service Co.,* 455 Pa.Super. 231, 687 A.2d 1145 1152 (1997) (holding that once a claimant's statutory right to sue tortfeasors had run out, the subrogor's right to collect from the tortfeasor had also expired); *School District of the Borough of Aliquippa v. Maryland Casualty Co.,* 402 Pa.Super. 569, 587 A.2d 765, 769 (1991) (providing that, "[a] subrogee ... is bound by the statute of limitations as it accrues against the subrogor"). Because the fire that gave rise to the Kidders' liability occurred on February 20, 1994, and PSMI filed suit on October 20, 1997, the action was untimely filed. Thus, the trial court was correct in concluding that the two-year statute of limitations involving actions sounding in tort barred PSMI's suit. Accordingly, we affirm the order granting judgment on the pleadings in favor of the Kidders.

¶ 9 Order affirmed.