## Thompson v. Schriver

C.P. of Jefferson County, no. 483-2000 CD.

*Tina M. Hesse,* for plaintiffs.
*Jeffrey Gordon,* for defendant.

FORADORA, *P.J.,* April 11, 2002—Currently before the court is the defendant's motion for judgment on the pleadings dismissing the plaintiffs' request for expectation damages. The plaintiffs in their amended complaint filed December 11, 2000, claim a cause of action based on a theory of promissory estoppel and breach of contract. Specifically they aver that the defendant had approached them concerning the possible transfer of ownership of his interest in a retail store known as "Amish I." The plaintiffs in reliance upon this offer did take over the management of the store while the parties continued to negotiate the finalized terms of the agreement. On August 13, 1999, before any final agreement was reached and formalized, the defendant, without warning, did dismiss them from the premises. The plaintiffs are now attempting to recover "reliance, expectation and lost opportunity costs." Complaint ¶21.

Pennsylvania Rule of Civil Procedure 1034 provides the following with regard to motions for judgment on the pleadings:

"(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

In determining whether to grant a motion for judgment on the pleadings, courts are confined to considering only the pleadings and any attached documents, and "must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion [was] filed, considering only those facts which were specifically admitted." *Public Service Mutual Insurance Company v. Kidder-Friedman,* 743 A.2d 485, 487 (Pa. Super. 1999). Judgment on the pleadings is proper only where the court finds that the moving party's right to succeed is established beyond a doubt such that "trial would clearly be a fruitless exercise." *Id.*

Currently two issues of law are before the court: (1) Is an action for promissory estoppel limited to reliance damages? (2) Does detrimental reliance constitute the necessary consideration for the formation of a contract? Each of these issues shall be addressed individually by the court.

I. The Restatement (Second) of Contracts §90 states:

*"Promise reasonably inducing action or forbearance*

*"(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be*

*avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."*

The Supreme Court of Pennsylvania has articulated the necessary elements for a claim of promissory estoppel as requiring: (1) the promisor made a promise that he should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise. *Thatcher's Drug Store of West Goshen Inc. v. Consolidated Supermarkets Inc.,* 535 Pa. 469, 476, 636 A.2d 156, 160 (1994).

The plaintiffs argue that damages must be awarded as "justice requires," therefore no legal restrictions exist precluding the award of more than reliance damages. Plaintiffs rely on the express language of Restatement (Second) of Contracts §90 which states, "The remedy granted may be Limited as justice requires." Using this language as their basic premise they conclude that a logical extension of this legal principle is that "the remedy granted may be Expanded as justice requires." Although the plaintiffs concede that in *Lobolito Inc. v. North Pocono School District,* the Supreme Court of Pennsylvania appears to limit promissory estoppel to reliance damages, the plaintiffs contend that *Lobolito* is distinguishable from the present case. *Lobolito Inc. v. North Pocono School District,* 562 Pa. 380, 755 A.2d 1287 (2000). In *Lobolito,* the court, in its reasoning focused on the existence of losses that were incurred in reliance on defendant's promise and stated they may be recovered under a theory of promissory estoppel. *Lobolito Inc. v. North Pocono School District,* 562 Pa. 380, 755 A.2d

1287 (2000). The defendant argues that the court's act of limiting damages only to those that were incurred in reliance on the promise is evidence that only reliance damages are recoverable. The plaintiffs argue that the court's opinion limited recovery to reliance damages because of the preliminary stage of the agreement. In *Lobolito, supra,* the parties had not yet begun to undertake the actual agreement obligations. Plaintiffs argue that in the present case the parties had actually begun performance and therefore are entitled to damages limited only by the bounds of a fair and just result.

The original point of promissory estoppel was to enable courts to enforce contract-like promises made unenforceable by technical defects or defenses.[1] It is axiomatic that in order for an agreement to be given the status of legal enforceability it must contain essential elements, an offer, an acceptance and mutual consideration. *PennDOT v. First Pennsylvania Bank,* 77 Pa. Commw. 551, 466 A.2d 753 (1983). Promissory estoppel has historically been utilized in instances where one of these essential elements is not present. "[T]he phrase 'promissory estoppel' and this nomenclature is well chosen as indicating that the basis of the doctrine is not so much one of contract, with a substitute for consideration, as an application of the general principle of estoppel to certain situations." *Fried v. Fisher,* 328 Pa. 497, 501, 196 A. 39, 41 (1938); see *Crouse v. Cyclops Industries,* 560 Pa. 394, 398, 745 A.2d 606, 610 (2000). In an effort to remedy the injustice caused by a promise that is reasonably relied upon and then broken the courts have awarded

---

1. American Jurisprudence (second) vol. 28 §57.

"damages where justice requires." Restatement (Second) of Contracts §90; *Travers v. Cameron County School District,* 117 Pa. Commw. 606, 613, 544 A.2d 547, 551 (1988).

The ambiguities that have arisen in the present case appear to result from two sources: (1) The confusion that arises when promissory estoppel is viewed as a substitute for consideration in contract formation and (2) the language of the Restatement which limits damages only "as justice requires." Attempting to traverse these pitfalls it is important to keep clear that an action for promissory estoppel is not an action for breach of contract. A contract is a legally enforceable agreement due to its conformity to specific legal requirements. Once meeting these requirements it is granted the legal status of "enforceability" and a party may seek damages that would grant the benefit of the bargain if this agreement is breached. Promissory estoppel however is not a legally enforceable agreement. It is an equitable remedy that acts to estop a party from acting in derogation to a promise made if it was reasonable and foreseeable that the promisee would rely to his detriment on the statement. Although detrimental reliance may be an alternative to consideration for the enforcement of a promise, it is not a substitute to contract formation.

A prima facie requirement of an action for promissory estoppel is reasonable and foreseeable reliance on the promise. It appears clear to this court that the express language of the Restatement (Second) of Contracts and those elements adopted by the Pennsylvania Supreme Court limits damages to those which were incurred in the course of this reasonable reliance. See *Travers v.*

*Cameron County School District,* 117 Pa. Commw. 606, 544 A.2d 547 (1988); see *Thatcher's Drug Store of West Goshen Inc. v. Consolidated Supermarkets Inc.,* 535 Pa. 469, 476, 636 A.2d 156, 160 (1994). With this as the premise, the language which limits damages "as justice requires" empowers the court to restrict reliance damages to those instances where the plaintiff can derive no alternative benefit from his expenditure of resources. Promissory estoppel is limited to enforcing promises only in those instances where an injustice would occur should the promise not be enforced; therefore if the plaintiff is enriched to some degree by his reliance on the promise then damages are to be reduced by this amount. The court feels that this conclusion is more strongly supported by the contextual meaning of the language in light of the historical development of promissory estoppel rather than attempting to conclude that the power to limit damages also implies the power to expand damages.

II. The plaintiffs' last contention is that their actions of managing Amish I, in reliance upon the promise made by the defendant was sufficient to form an enforceable contract between the parties.

This argument fails to take into account the necessary element of consideration that is required in order for an agreement to achieve the status of legal enforceability. Consideration is bargained for exchange, which indicates that, but for the agreement, the party is not legally obligated to perform. In the current case, the plaintiffs were never legally bound to undertake any performance pursuant to the terms of the alleged agreement. This court refuses to accept the argument that detrimental reliance constitutes consideration for the reasons previously cited.

## ORDER

And now, April 11, 2002, in response to the motion for judgment on the pleadings filed by the defendant, an oral argument has been held and briefs have been submitted by the parties, the court now enters the following order:

It is hereby decreed that the motion for judgment on the pleadings is granted. Plaintiffs' claim shall be limited to an award of reliance damages. Given the remaining requests for discovery, related to discovery of promissory estoppel elements, it is hereby ordered that the motion to compel discovery is denied.